**Gaylord William ANGUISH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–95–01414–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 1999.

Rehearing Overruled April 7, 1999.

James M. Leitner, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Gaylord William Anguish, guilty of robbery and theft of an automobile. The jury assessed appellant's punishment for the robbery at five years in prison, and for the theft at two years in prison and a $1,000 fine. We address whether threats made four days before appellant committed the offenses constituted imminent threats necessary to raise the affirmative defense of duress. We affirm.

### Facts

On December 3, 1990, appellant stole a van from a child care center. He drove the van to a drive-through bank window where he threatened to blow up the bank. The teller placed all the money she had, approximately $15,000, in the drawer. Appellant took the money and drove away. The bank's security guard followed appellant to an apartment complex parking lot and then arrested him.

### Relevance of Duress Evidence

All five of appellant's points of error complain of actions by the trial court in excluding evidence that would have fully explained appellant's claims of duress, as a defense to prosecution.

### A. Relevance to Theft Conviction

Appellant's second point of error contains the only argument that impacts on his conviction for theft of the van. Appellant maintains the trial court erred by not permitting appellant to testify as to the nature and content of threats, because they established his affirmative defense of duress.

Duress is an affirmative defense that applies when an accused *"engaged in the proscribed conduct because he was compelled to do so* by threat of imminent death or serious bodily injury to himself or another." TEX. PENAL CODE ANN. § 8.05(a) (Vernon 1994) (emphasis added). Therefore, a defendant who claims duress must establish that the threatened harm was conditioned on his committing the charged offense, as opposed to some other offense.

Appellant testified that two men told him to rob a bank and that he and his family would be harmed if he did not. Appellant claimed this threat compelled him to commit the theft. The record contains no evidence, however, that the two men who threatened appellant directed him to steal a van to use in carrying out a drive-through robbery. We therefore conclude there is no link between the duress that appellant claims was exerted on him and his theft of the van. In the absence of any evidence that appellant was threatened with death or serious bodily injury conditioned on his committing theft of a motor vehicle, the trial court properly excluded any evidence of duress as to that offense.

We overrule appellant's second point of error, and affirm appellant's theft conviction.

## B. Relevance of Threats Four Days Before Robbery

In his first, third, fourth, and fifth points of error, appellant argues that the trial court erred by excluding his testimony, and quashing a subpoena for witnesses, both of whom would have established his affirmative defense of duress. To place appellant's contentions in context, we will examine his claims of duress as a whole, the portion of his claims that the trial court permitted him to present to the jury, and the portion of his claims that the trial court excluded. We will then analyze the trial court's ruling that appellant's evidence of the threat was inadmissible as irrelevant because the alleged threat was not an imminent threat of harm. Finally, we will consider appellant's innovative waiver theory.

### 1. Appellant's Claims of Duress

Appellant claimed to have learned that a Federal Bureau of Investigation (FBI) agent was having an extra-marital affair, and that the FBI agent and his lover conspired to kill the lover's husband. After appellant attempted to confront the FBI agent with his knowledge of the matter, appellant's house was burglarized and he began receiving threatening telephone calls. He reported these incidents to the Harris County Sheriff's Department and the FBI, but neither agency took any action.

Four days before appellant committed the charged offenses, he was threatened by two men he found waiting for him in the back seat of his car. One man put a gun to appellant's head while the other showed appellant a photograph of his wife and daughter in bed. The men told appellant that they were watching him, threatened to kill his family, instructed him not to tell anyone, and then instructed him to rob a bank. Based upon law enforcement agencies' previous inaction, appellant believed that reporting the latest threat would be useless.

Appellant believed the men's motive for urging him to rob the bank was their desire to discredit him and discourage him from conducting future investigations of the FBI agent or the agent's lover. During the three years after the charged offenses, appellant suffered several additional burglaries, an attempted kidnapping, arson, and further telephone threats against him and his family.

### 2. Evidence Admitted

Appellant was permitted to introduce evidence that: (1) although his house was burglarized twice and he received threatening telephone calls, his reports of these matters were not taken seriously by law enforcement agencies; (2) four days before

appellant committed the charged offenses, two men threatened to harm him and his family if he did not rob a bank; and (3) he robbed the bank because he was afraid that the men would carry out their threats and he did not think that law enforcement agencies would help him.

### 3. Evidence Excluded

In his first point of error, appellant argues that the trial court erred by excluding the content of the two men's threats, including that they: (1) told him they were watching him; (2) instructed him to rob a bank; (3) threatened to kill his family; and (4) instructed him not to tell anyone about their threats. In his third point of error, appellant contends the trial court erred in excluding his testimony regarding his investigation of the affair between the FBI agent and his lover and their plot to kill her husband. In his fourth point of error, appellant contends the trial court erred by quashing his subpoenas of five FBI agents, whom appellant claims could have further corroborated his testimony by establishing the motive for the two men's threats. In his fifth point of error, appellant contends the trial court erred in excluding testimony by appellant about incidents of harassment that occurred after the commission of the charged offenses because this evidence could also have corroborated appellant's claims of duress.

### 4. Imminence of Threats

The trial court ruled that the threat appellant claims compelled him to commit the robbery was not an imminent threat and was therefore inadmissible evidence, based upon its lack of relevance.

■ Duress is an affirmative defense to prosecution when an accused establishes that he "engaged in the proscribed conduct because he was compelled to do so by threat of *imminent* death or serious bodily injury to himself or another." TEX. PENAL CODE ANN. § 8.05(a) (Vernon 1994) (emphasis added). When a trial court determines that the threat the accused contends compelled his commission of the offense was

not imminent, the trial court properly excludes evidence of the threat. *Kessler v. State,* 850 S.W.2d 217, 222 (Tex.App.— Fort Worth 1993, no pet.).

The Court of Criminal Appeals has not construed the term "imminent" in the context of a section 8.05 duress claim, but has interpreted the term in the context of aggravated robbery and aggravated rape. *Devine v. State,* 786 S.W.2d 268, 270–71 (Tex.Crim.App.1989) (threat to robbery victim five days before offense not imminent); *Blount v. State,* 542 S.W.2d 164, 166 (Tex.Crim.App.1976) (threat to kill rape victim if she told anyone was conditional, future threat, and not imminent). In these contexts, the Court of Criminal Appeals has determined that an imminent threat is a present threat of harm. *Id.*

■ Other courts of appeals have relied on this interpretation of imminence. *See Zavala v. State,* 956 S.W.2d 715, 721 n. 4 (Tex.App.—Corpus Christi 1997, no pet.) (stating that a jury instruction on duress is not warranted unless the alleged threat is a present threat); *Smith v. State,* 949 S.W.2d 333, 336 (Tex.App.—Tyler 1996, pet. ref'd) (concluding that evidence of a threat occurring over three months before the charged offense was not relevant to the defendant's asserted affirmative defense of duress); *see also Kessler,* 850 S.W.2d at 221–22. We join in this interpretation and conclude that, in applying it to the affirmative defense of duress, an imminent threat has two components of immediacy. First, the person making the threat must intend and be prepared to carry out the threat immediately. *See Devine,* 786 S.W.2d at 270; *Blount,* 542 S.W.2d at 166. Second, carrying out the threat must be predicated upon the threatened person's failure to commit the charged offense immediately. *See Devine,* 786 S.W.2d at 270; *Blount,* 542 S.W.2d at 166.

■ In the present case, the alleged threat was made four days before appellant committed the robbery. The specific

threat was that appellant rob a bank or he and his family would be killed. The record does not reflect that the persons making this threat either intended or were prepared to carry it out immediately. Further, there was no evidence that the persons making the threat gave appellant a time by which he was to commit the robbery, much less that he was to commit the robbery immediately. Therefore, the threat that appellant claims compelled him to commit the robbery fails on both components of immediacy. Accordingly, we conclude the threat was not an imminent threat, as required by section 8.05.

Appellant argues that this Court should extend the definition of imminent to include the situation of an accused who, when threatened, believes that no law enforcement agency will protect him. We acknowledge that in most situations where the threat is imminent, no law enforcement agency is able to provide protection. However, a threat is not rendered imminent solely because law enforcement agencies are unable to provide protection. We therefore decline to adopt appellant's extension of the definition of imminency.

Having found that the alleged threat against appellant was not of *imminent* death of serious bodily injury unless appellant *immediately* committed the bank robbery, we conclude that appellant's testimony concerning the threat was irrelevant, and thus inadmissible. Therefore, the trial court's rulings excluding appellant's testimony and quashing appellant's subpoenas were proper.

### 5. Waiver by State

Appellant claims the State waived its right to claim, in response to his points of error, that the trial court properly excluded appellant's claims of duress because duress was not raised by the evidence. Appellant claims the State cannot argue before this Court that duress was not raised by the evidence because the State did not object at trial, either to other testimony concerning the threat or to a jury instruction concerning duress.

Appellant apparently analogizes to the waiver that arises, under the doctrine of curative admissibility, when an appellant complains about admission of evidence but does not object when the evidence is admitted at another point in the trial. *See McGlothlin v. State*, 896 S.W.2d 183, 189 n. 9 (Tex.Crim.App.1995). This rule is but a corollary to the general rule of preservation of appellate complaints, which requires a timely objection in the trial court as "a prerequisite to presenting a *complaint* for appellate review." TEX.R.APP. P. 33.1 (emphasis added). On its face, however, rule 33.1 applies only to *complaints*, i.e., issues raised by parties seeking affirmative relief on appeal. Nothing in rule 33.1 requires a party to preserve responsive arguments to complaints an appealing party has not yet even raised. The State was thus not required, at the risk of waiver, to object to the admission of all duress evidence and to the jury instruction on duress, to respond to appellant's arguments.

We overrule appellant's first, third, fourth, and fifth points of error, and affirm appellant's robbery conviction.

### Conclusion

We affirm the judgment of the trial court.