Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MIGUEL CARRILLO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§



§


§


§


§

No. 08-02-00098-CR


Appeal from the


210th District Court


of El Paso County, Texas


(TC# 20010D05754)




MEMORANDUM OPINION



 This is an appeal from a conviction for two counts of aggravated kidnaping-each
count enhanced by the allegation of a prior felony conviction. The jury assessed punishment
at fifty (50) years' imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 The evidence adduced at trial revealed that on August 9, 2001 at about 10:30 p.m., the
complainants, Nancy Lomas and Delilah Ramos, left the Speaking Rock Casino in El Paso,
Texas where they had done a promotion for Coors Light beer. They got into Lomas's car and
when she started the car, a man unknown to her jumped into the car from the passenger side
door, and he pushed Ramos to the area between the two bucket seats. The man, later
identified as Appellant, ordered Lomas to begin driving. She tried to resist, but Appellant
stated that he had a gun and he would kill the two if Lomas continued her resistance. Lomas
drove off. Appellant told her to head for Juarez, Mexico. 

 Appellant continued to threaten Lomas and Ramos because Lomas was failing to
follow his directives. Appellant stated on various occasions that someone was following him
and he told Lomas, "If they catch me I know what they're going to do." At the parking lot
when Appellant first got into the car, he told Lomas, "They're after me. They're after me. 
Hurry. Leave. Leave." Ramos testified in a similar vein. After driving about, Appellant
directed Lomas to an alley off of Dyer Street. He walked around to a dark area of the alley
with Lomas. Appellant took her to a children's sand pit behind a building. He tried to force
himself upon Lomas. However, while the two were away from the car, Ramos was able to
call from a cell phone that had been in her purse. The police arrived and apprehended
Appellant. 

 Appellant testified in his own defense. He related that his wife had dropped him off
at Speaking Rock Casino at approximately 5 p.m. He played the gambling machines until
he ran out of money. He went outside of the casino to call his wife to pick him up. While
outside, a man approached Appellant and stated that Appellant owed him some money. This
individual took away Appellant's cell phone. He made several calls on the cell phone. 
Several minutes later more men arrived and Appellant was told to pay the money he owed. 
He was also told that they intended to wait until he obtained the money. 

 Appellant used the phone at their behest in order to obtain the money. He called his
wife and told her to pick him up at the casino. They took the cell phone back and told
Appellant they were going to wait. Appellant waited for an opportunity to flee from the men. 
When they went to get some gasoline for their vehicle, he ran toward the parking lot of the
casino and saw a car with the passenger side door open. He asked the occupants of the
vehicle for a ride because there were some people following him. The woman driving the
car agreed and they drove off. Appellant testified that Lomas and Ramos willingly gave him
a ride, and he did not threaten them. 

 Appellant related that they ultimately parked in an alley and Lomas began to get
friendly and she suggested that they go for a walk in order for him to calm down. Appellant
testified that he feared for his life in that the men at the casino had threatened both him and
his family. At the close of the guilt-innocence stage of trial, Appellant requested a charge
on the affirmative defense of duress. The court denied that request. 

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred by refusing to give
the requested jury instruction on the affirmative defense of duress. Duress is an affirmative
defense; and thus, the defendant bears the burden of establishing evidence supporting the
theory. Cameron v. State, 925 S.W.2d 246, 249-50 (Tex. App.--El Paso 1995, no pet.). (1) "As
a general rule, an accused is entitled to an affirmative defensive instruction on every issue
raised by the evidence, regardless of whether such evidence is strong, feeble, unimpeached
or contradicted, and even if the trial court has the belief that the testimony is not entitled to
belief." Id. at 250. However, the claim of duress must have an objective and reasonable
basis. Id.; Bernal v. State, 647 S.W.2d 699, 706 (Tex. App.--San Antonio 1982, no pet.). For a claim of duress to have an objective and reasonable basis, there must be some
evidence of an imminent threat. See Anguish v. State, 991 S.W.2d 883, 886 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd). In Anguish, the court set out a two-prong test to
determine whether a threat was imminent: first, the person making the threat must intend and
be prepared to carry out the threat immediately; second, carrying out the threat must be
predicated upon the threatened person's failure to commit the charged offense immediately.
Id. at 886. 

 In Anguish, the accused testified that two men told him to rob a bank. If he did not
do so, his family would be harmed. He stole a van from a day-care center and then drove the
van to a bank where he committed the robbery. On appeal, he asserted that the trial court
erred by not allowing him to provide evidence pertinent to the defense of duress regarding
the theft of the van. The court of appeals noted that the record contained no evidence that
the two men who threatened the accused directed him to steal the van in order to accomplish
the bank robbery. As such, there was no link between the duress that the accused claimed
was exerted upon him and his theft of the van. Absent such linkage, the trial court did not
err in excluding any evidence of duress with regard to the theft offense. Id. at 884-85. In Jackson v. State, 50 S.W.3d 579 (Tex. App.--Fort Worth 2001, pet. ref'd) the
accused was convicted of intoxication manslaughter. The evidence revealed that he ran a red
light at a high rate of speed and collided with another vehicle killing the driver. Id. at 585-86. Thomas Shepard witnessed the event. He testified that he saw Jackson run several red
lights and drive over curbs and down an embankment. He called 9-1-1 and followed Jackson
while he spoke to the police on his cell phone. Id. 

 At trial, Jackson testified that he drove in the reckless manner because he was fearful
of Shepard due to a fight the two had three years prior to the incident. Jackson maintained
that this testimony raised the issue of duress, and it was error for the trial court to have failed
to submit that charge to the jury. Id. at 594-95. The court of appeals held that even if it
accepted Jackson's assertions concerning Shepard as being true, there was nothing in the
record to indicate that Shepard threatened him with imminent death or serious bodily injury
if he did not drive over the speed limit, drive over curbs, or run red lights. Id. at 595-96. In this case, we find a similar situation. Accepting Appellant's contentions regarding
the threats made at the casino as true, there is nothing in the record that states that these
threats directed Appellant to commit a kidnaping or to commit any of the acts that occurred
during the criminal episode. Accordingly, we overrule Appellant's issue on appeal.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

October 29, 2003




 RICHARD BARAJAS, Chief Justice



Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


(Do Not Publish)

1. Duress is an affirmative defense that applies when an accused "engaged in the proscribed conduct
because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another." Tex.
Penal Code Ann. § 8.05(a) (Vernon 2003).