COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-166-CR
         2-04-167-CR
         
2-04-168-CR
  
  
DAN 
KENNETH BROWN                                                         APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
was indicted for aggravated robbery with a deadly weapon, evading arrest using a 
vehicle, and unlawful possession of a firearm.  He entered a plea of not 
guilty for each indictment and a jury found him guilty in each cause.  At 
punishment Appellant pleaded true to the habitual offender enhancement in each 
charge.  The trial court sentenced him to seventy years’ confinement for 
each cause and ordered the sentences to run concurrently.  In his sole 
point on appeal, Appellant argues that the trial court committed reversible 
error when it denied his request that the jury be instructed on the affirmative 
defense of duress.  We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        As 
the sufficiency of the evidence is not challenged, we need only briefly discuss 
the facts of this case.  On February 18, 2002, McTobia Pilot borrowed his 
father’s 2001 Ford Expedition and went to Jamie’s Rhythm, a nightclub in 
Arlington.  After the club closed, Pilot went to a nearby gas station to 
get something to eat and wait for a friend.  While parked, Appellant 
approached Pilot and asked for a ride, but Pilot refused.  Appellant left, 
but returned to ask Pilot if he had seen a burnt orange Cadillac.  Pilot 
said no and Appellant walked away.  Appellant again returned, but this time 
he pointed a handgun at Pilot and told Pilot to unlock the door.  Appellant 
got into the vehicle and directed Pilot to drive to a deserted stretch of access 
road in Arlington.  Appellant then told Pilot to remove his pants and get 
out of the vehicle.  Once Pilot exited the vehicle, Appellant drove 
off.  Appellant was later seen driving through Dallas/Fort Worth 
International Airport.  When officers tried to stop Appellant, he sped 
off.  After a pursuit, Appellant was finally stopped and arrested.
        At 
trial, Appellant’s sister testified that a few days before the offense 
Appellant had approached her asking if he could borrow $150 in order to repay a 
debt he owed some individuals.  Appellant’s sister stated that Appellant 
was worried about what would happen to him and his family if he did not repay 
the debt.  On February 19, 2002, Appellant’s sister contacted the police 
and completed a missing persons report after Appellant failed to attend his 
birthday party.  Appellant’s sister further testified that approximately 
two days after she filed the missing persons report, two individuals came to her 
residence looking for Appellant, telling her that Appellant owed them 
money.  Appellant’s sister later learned that Appellant had already been 
arrested for these charged offenses.
        At 
trial, Appellant’s counsel requested a jury charge on the affirmative defense 
of duress.  Appellant’s counsel contended that the testimony from 
Appellant’s sister was sufficient to warrant a jury instruction on this 
issue.  The state objected to the requested jury charge and the trial court 
ruled that the issue of duress had not been raised by the evidence.
        Appellant’s 
sole argument on appeal is that the trial court’s denial of a jury instruction 
on the affirmative defense of duress is reversible error.  Appellant 
contends that he was entitled to a jury instruction on duress because the 
testimony of his sister and the fear Appellant expressed to her concerning the 
money he owed was sufficient evidence of a ”threat of imminent death or 
serious bodily injury.“ Tex. Penal Code Ann. § 8.05(a) (Vernon 
2003).
STANDARD OF REVIEW
        Appellate 
review of error in a jury charge involves a two-step process. Abdnor v. State, 
871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine 
whether error occurred. If so, we must then evaluate whether sufficient harm 
resulted from the error to require reversal. Id. at 731-32.  A 
defendant is entitled to an affirmative defensive instruction on every issue 
raised by the evidence regardless of the strength of the evidence.  Brown 
v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); Golden v. State, 
851 S.W.2d 291, 295 (Tex. Crim. App. 1993).
DURESS
        Duress 
is an affirmative defense to prosecution when the accused ”engaged in the 
proscribed conduct because he was compelled to do so by threat of imminent death 
or serious bodily injury to himself or another.“ Tex. Penal Code Ann. § 8.05(a).  
This affirmative defense requires the defendant to show both compulsion and 
imminency.  See id. § 8.05.  Compulsion is defined as 
”render[ing] a person of reasonable firmness incapable of resisting the 
pressure.“ Id. § 8.05(c).  Imminency exists where there is a 
present threat of death or serious bodily harm.  Kessler v. State, 
850 S.W.2d 217, 222 (Tex. App.—Fort Worth 1993, no pet.); see also Jackson 
v. State, 50 S.W.3d 579, 595 (Tex. App.—Fort Worth 2001, pet. ref’d) 
(defining imminent as “something that is on the point of happening, not about 
to happen“).  The person making the threat must intend and be prepared to 
carry out the threat immediately. Devine v. State, 786 S.W.2d 268, 270-71 
(Tex. Crim. App. 1989) (holding threats of future harm only were not sufficient 
threats of imminent bodily injury or death to uphold conviction for robbery); Anguish 
v. State, 991 S.W.2d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, pet. 
ref’d) (holding that alleged threat that appellant rob a bank or he and his 
family would be killed made four days before appellant committed robbery was not 
imminent).  Thus, to prevail, Appellant had to provide some evidence that 
the people he owed money actually threatened him with force capable of causing 
”imminent death or serious bodily injury“ that would ”render a person of 
reasonable firmness incapable of resisting“ at the time he committed the 
aggravated robbery with a deadly weapon, evading arrest, and unlawful possession 
of a firearm.  See Tex. Penal 
Code Ann. § 8.05(a), (c).
        Appellant 
failed to offer any evidence of an imminent threat.  The only evidence 
Appellant offered was the testimony of his sister who stated that Appellant owed 
some individuals money, they wanted to be paid back, and they had threatened 
Appellant and his family.  The record does not reflect that the individuals 
who made the threat either intended or were prepared to immediately carry out 
the threat when Appellant committed the offenses.  Furthermore, the 
incident Appellant’s sister testified about when two men came to her door 
looking for Appellant occurred after Appellant had already committed the charged 
offenses.  See Kessler 850 S.W.2d at 222 (stating duress is a 
present threat of harm, not past or future).  The fact that Appellant’s 
sister thought something might happen to Appellant is insufficient evidence to 
raise the defense of duress.  See Jackson, 50 S.W.3d at 594-96 
(holding that appellant was not entitled to jury instruction on duress because 
there was no evidence appellant was threatened with imminent death or serious 
bodily injury if he did not drive over the speed limit, drive over curbs, pass 
trucks by veering into the oncoming lanes of traffic, or run red lights that led 
to the death of another motorist); Cameron v. State, 925 S.W.2d 246, 250 
(Tex. App.—El Paso 1995, no pet.) (holding that appellant’s general fear of 
co-actor’s temper did not constitute any evidence of a specific, objective 
threat sufficient to warrant duress instruction); Bernal v. State, 647 
S.W.2d 699, 706 (Tex. App.—San Antonio 1982, no pet.) (concluding 
defendant’s fear that co-defendant might get violent not sufficient to raise 
defense of duress).  Thus, the trial court did not err by refusing to 
submit a jury charge on the affirmative defense of duress.  We overrule 
Appellant’s sole point.
CONCLUSION
        Having 
overruled Appellant’s point, we affirm the trial court’s judgments.
   
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
 
PANEL 
B: LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.