BROWN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-166-CR

         2-04-167-CR

         2-04-168-CR

DAN KENNETH BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

Appellant was indicted for aggravated robbery with a deadly weapon, evading arrest using a vehicle, and unlawful possession of a firearm.  He entered a plea of not guilty for each indictment and a jury found him guilty in each cause.
  At punishment Appellant pleaded true to the habitual offender enhancement in each charge.  The trial court sentenced him to seventy years’ confinement for each cause and ordered the sentences to run concurrently.  
In his sole point on appeal, Appellant argues that the trial court committed reversible error when it denied his request that the jury be instructed on the affirmative defense of duress.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As the sufficiency of the evidence is not challenged, we need only briefly discuss the facts of this case.  On February 18, 2002, McTobia Pilot borrowed his father’s 2001 Ford Expedition and went to Jamie’s Rhythm, a nightclub in Arlington.  After the club closed, Pilot went to a nearby gas station to get something to eat and wait for a friend.  While parked, Appellant approached Pilot and asked for a ride, but Pilot refused.  Appellant left, but returned to ask Pilot if he had seen a burnt orange Cadillac.  Pilot said no and Appellant walked away.  Appellant again returned, but this time he pointed a handgun at Pilot and told Pilot to unlock the door.  Appellant got into the vehicle and directed Pilot to drive to a deserted stretch of access road in Arlington.  Appellant then told Pilot to remove his pants and get out of the vehicle.  Once Pilot exited the vehicle, Appellant drove off.  Appellant was later seen driving through Dallas/Fort Worth International Airport.  When officers tried to stop Appellant, he sped off.  After a pursuit, Appellant was finally stopped and arrested.  

At trial, Appellant’s sister testified that a few days before the offense Appellant had approached her asking if he could borrow $150 in order to repay a debt he owed some individuals.  Appellant’s sister stated that Appellant was worried about what would happen to him and his family if he did not repay the debt.  On February 19, 2002, Appellant’s sister contacted the police and completed a missing persons report after Appellant failed to attend his birthday party.  Appellant’s sister further testified that approximately two days after she filed the missing persons report, two individuals came to her residence looking for Appellant, telling her that Appellant owed them money.  Appellant’s sister later learned that Appellant had already been arrested for these charged offenses.  

At trial, Appellant’s counsel requested a jury charge on the affirmative defense of duress.  Appellant’s counsel contended that the testimony from Appellant’s sister was sufficient to warrant a jury instruction on this issue.  The state objected to the requested jury charge and the trial court ruled that the issue of duress had not been raised by the evidence.  

Appellant’s sole argument on appeal is that the trial court’s denial of a jury instruction on the affirmative defense of duress is reversible error.  Appellant contends that he was entitled to a jury instruction on duress because the testimony of his sister and the fear Appellant expressed to her concerning the money he owed was sufficient evidence of a ”threat of imminent death or serious bodily injury.“  
Tex. Penal Code Ann.
 § 8.05(a) (Vernon 2003).  

STANDARD OF REVIEW

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of the strength of the evidence.  
Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); 
Golden v. State
, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993). 

DURESS

Duress is an affirmative defense to prosecution when the accused ”engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another.“  
Tex. Penal Code Ann.
 § 8.05(a).  This affirmative defense requires the defendant to show both compulsion and imminency.  
See
 
id
. § 8.05.  Compulsion is defined as ”render[ing] a person of reasonable firmness incapable of resisting the pressure.“  
Id.
 § 8.05(c).  Imminency exists where there is a present threat of death or serious bodily harm.  
Kessler v. State
, 850 S.W.2d 217, 222 (Tex. App.—Fort Worth 1993, no pet.); 
see also
 
Jackson v. State
, 50 S.W.3d 579, 595 (Tex. App.—Fort Worth 2001, pet. ref’d) (defining imminent as “something that is on the point of happening, not about to happen“) .  The person making the threat must intend and be prepared to carry out the threat immediately.  
Devine v. State
, 786 S.W.2d 268, 270-71 (Tex. Crim. App. 1989) (holding threats of future harm only were not sufficient threats of imminent bodily injury or death to uphold conviction for robbery);
 Anguish v. State
, 991 S.W.2d 883, 886 (Tex. App.—Houston [1st
 Dist.] 1999, pet. ref’d) (holding that alleged threat that appellant rob a bank or he and his family would be killed
 made four days before appellant committed robbery was not imminent)
.
  Thus, to prevail, Appellant had to provide some evidence that the people he owed money actually threatened him with force capable of causing ”imminent death or serious bodily injury“ that would ”render a person of reasonable firmness incapable of resisting“ at the time he committed the aggravated robbery with a deadly weapon, evading arrest, and unlawful possession of a firearm.  
See
 
Tex. Penal Code Ann.
 § 8.05(a), (c).  

Appellant failed to offer any evidence of an imminent threat.
  The only evidence Appellant offered was the testimony of his sister who stated that Appellant owed some individuals money, they wanted to be paid back, and they had threatened Appellant and his family.  
The record does not reflect that the individuals who made the threat either intended or were prepared to immediately carry out the threat when Appellant committed the offenses.  Furthermore, the incident Appellant’s sister testified about when two men came to her door looking for Appellant occurred after Appellant had already committed the charged offenses.  
See Kessler
 850 S.W.2d at 222 (stating duress is a present threat of harm, not past or future).  The fact that Appellant’s sister thought something might happen to Appellant is insufficient evidence to raise the defense of duress.  
See Jackson
, 50 S.W.3d at 594-96 (holding that appellant was not entitled to jury instruction on duress because there was no evidence appellant was threatened with imminent death or serious bodily injury if he did not drive over the speed limit, drive over curbs, pass trucks by veering into the oncoming lanes of traffic, or run red lights that led to the death of another motorist); 
Cameron v. State
, 925 S.W.2d 246, 250 (Tex. App.—El Paso 1995, no pet.) (holding that appellant’s general fear of co-actor’s temper did not constitute any evidence of a specific, objective threat sufficient to warrant duress instruction); 
Bernal v. State
, 647 S.W.2d 699, 706 (Tex. App.—San Antonio 1982, no pet.) (concluding defendant’s fear that co-defendant might get violent not sufficient to raise defense of duress).
  Thus, the trial court did not err by refusing to submit a jury charge on the affirmative defense of duress.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s point, we affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL B:  LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 5, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.