PD-1467-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/30/2014 2:34:23 PM
Accepted 12/31/2014 11:11:28 AM
ABEL ACOSTA
CLERK

**CAUSE NO. PD-1467-14**

**IN THE**
**COURT OF CRIMINAL APPEALS OF TEXAS**

———————————————

**STEPHEN CRAIG WHITWORTH**
            **Appellant/Petitioner**

**V.**

**STATE OF TEXAS**
            **Appellee/Respondent**

———————————————

From the Eleventh Court of Appeals, Eastland, Texas
Appellate Cause No. 11-12-00114-CR

Tried in the 441st District Court, Midland County, Texas
Trial Cause No. CR38839

———————————————————

**STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW**

———————————————

Teresa Clingman
*District Attorney, Midland County, Texas*

FILED IN
COURT OF CRIMINAL APPEALS

December 31, 2014

ABEL ACOSTA, CLERK

Carolyn D. Thurmond
*Assistant District Attorney*
State Bar No. 00785104
500 North Loraine, Suite 200
Midland, Texas 79701
(432) 688-4420 voice
(432) 688-4938 fax
carolyn_thurmond@co.midland.tx.us

# LIST OF PARTIES AND THEIR COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), the State certifies the following is a complete list of the names and addresses of the parties to the final judgment of trial and their counsel.

Appellant, Trial  and Appellate Counsel

- **Stephen Craig Whitworth, Appellant**
  Inmate, Texas Department of Criminal Justice

- **David Martinez**
  Attorney at Law
  1663 Broadway
  Lubbock, Texas 79401
  *Appellate Counsel*

- **Rick A. Navarrete**
  NAVARRETE & SCHWARTZ
  1007 West Texas Avenue
  Midland, Texas 79701
  *Former Appellate Counsel*

- **Roy Scott**
  Attorney at Law
  407 N. Big Spring St., Ste. 200
  Midland, Texas 79701
  *Trial Counsel*

State of Texas Trial Counsel and Appellate Counsel

- **The State of Texas, Appellee/Petitioner**

- **Teresa Clingman**
  District Attorney for Midland County, Texas
  500 N. Loraine, Ste. 200
  Midland, Texas 79701

- **Laura Nodolf**, First Assistant District Attorney
  500 N. Loraine, Ste. 200
  Midland, Texas 79701
  *Trial Counsel*

- **Carolyn D. Thurmond**, Assistant District Attorney
  500 N. Loraine, Ste. 200
  Midland, Texas 79701
  *Appellate Counsel*

Trial Judge

- **Hon. Rodney W. Satterwhite**
  441st District of Midland County, Texas
  500 N. Loraine, Ste. 901
  Midland, Texas 79701

## TABLE OF CONTENTS

**Table of Contents**

LIST OF PARTIES AND THEIR COUNSEL...........................................ii

TABLE OF CONTENTS .........................................................iv

INDEX OF AUTHORITIES .......................................................v

STATEMENT REGARDING ORAL ARGUMENT ................................2

STATEMENT OF THE CASE ...................................................2

STATEMENT OF PROCEDURAL HISTORY .........................................3

STATE'S REPLY TO GROUND FOR REVIEW.....................................4

ARGUMENT ...................................................................4

    A. Appellant's Contentions in his Petition .......................................4
    B. Standard of Review...................................................5
    C. State's Response to the Duress Defense ......................................5
    D. State's Response to the Necessity Defense .................................8

PRAYER FOR RELIEF.........................................................9

CERTIFICATE OF SERVICE....................................................10

CERTIFICATE OF COMPLIANCE.................................................11

# INDEX OF AUTHORITIES

## Cases

*Anguish v. State*, 991 S.W.2d 883 (Tex. App.—Houston [1ˢᵗ Dist.] 1999, pet. ref'd) ...............................................................................6

*Bernal v. State*, 647 S.W.2d 699, 706 (Tex. App. – San Antonio 1982, no pet.) ...................................................................................8

*Cameron v. State,* 925 S.W.2d 246 (Tex. App. – El Paso, 1995, no pet.)..7

*Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993) ..........................5

*Murkledove v. State*, 437 S.W.3d 17 (Tex. App.—Fort Worth 2014, pet. dism'd) ...............................................................................................7

*Pennington v. State*, 54 S.W.3d 852, 856 (Tex. App.—Fort Worth 2001, pet. ref'd). ...........................................................................................5

*Ramirez v. State*, 336 S.W.3d 846 (Tex. App.—Amarillo 2011, pet. ref'd). ...........................................................................................................6

*Whitworth v. State*, 11-12-00114-CR, 2014 Tex. App. LEXIS 5864 (Tex. App.—Eastland 2014)........................................................................3

*Whitworth v. State*, 11-12-00114-CR , 2014 Tex. App. LEXIS 10922 (Tex. App.—Eastland 2014)............................................................4

## Statutes

Tex. Penal Code Ann. § 19.02(b)(1) (2011) ............................................2

Tex. Penal Code Ann. § 19.02(b)(2) (2011) ............................................2

Tex. Penal Code Ann. § 22.02(a)(1) (2011) ............................................2

TEX. PENAL CODE ANN. § 22.02(a)(2) (2011) ..............................................2

TEX. PENAL CODE ANN. § 8.05(a) (2011)...................................................6

TEX. PENAL CODE ANN. § 8.05(c) (2011)...................................................6

TEX. PENAL CODE ANN. § 8.05(d) (2011)...................................................6

**Rules**

TEX. R. APP. P. 38.1(a),...................................................................ii

TEX. R. APP. P. 68.4(h). ..................................................................9

CAUSE NO. PD-1467-14

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
_____

STEPHEN CRAIG WHITWORTH

Appellant/Petitioner

V.

STATE OF TEXAS

Appellee/Respondent
_____

STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW
_____


COMES NOW the State of Texas, by and through her District Attorney, and respectfully asks this Honorable Court to deny discretionary review as requested by the Petitioner in the above named cause and pursuant thereof would show the Court as follows:

1

## STATEMENT REGARDING ORAL ARGUMENT

The State requests oral argument. The issues raised by both parties involve defenses of duress and necessity and the circumstances of the propriety for the trial court to instruct to the jury concerning these defenses. Oral argument is necessary in this case for full development of these issues.

## STATEMENT OF THE CASE

Stephen Craig Whitworth, hereafter referred to as "Appellant," was indicted in the 441st District Court of Midland County, Texas, on August 11, 2011, for the offenses of Murder of Christopher Easley in Count 1, and Count 2 Aggravated Assault with the intent to cause serious bodily injury to Anne Bostic. (CR[1] 8-10). *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (2011), TEX. PENAL CODE ANN. § 19.02(b)(2) (2011), TEX. PENAL CODE ANN. § 22.02(a)(1) (2011), TEX. PENAL CODE ANN. § 22.02(a)(2) (2011). Trial before a jury was held; and, prior to submission of the case to the jury, Appellant requested the instructions of duress

---

[1] References to the Clerk's Record are abbreviated as "CR", followed by the page number.

2

and necessity for both counts. (RR[2]8 305; RR9 7). The trial court denied the requested instructions. (RR8 308). Appellant was convicted of both counts. (CR 80, 82; RR9 60-61). The same jury assessed punishment at 20 years imprisonment for each count. (CR 95, 96; RR10 72-73). Appellant timely gave notice of appeal. (CR 65).

## STATEMENT OF PROCEDURAL HISTORY

Four points of error were presented on direct appeal. On May 30, 2014, the Eleventh Court of Appeals affirmed Appellant's conviction for murder in Count One. *Whitworth v. State*, 11-12-00114-CR, 2014 Tex. App. LEXIS 5864, *11 (Tex. App.—Eastland 2014, pet. filed) (mem. op. on reh'g, not designated for publication). The Court reversed Appellant's conviction in Count Two for aggravated assault and remanded the case back to the trial court for a new trial. *Id.* at *18.

Appellant requested a rehearing to review the sufficiency of the evidence under the law of parties as to Count One. The State did not file a motion for rehearing as to the decision in Count Two. The Court of Appeals directed the State to file a response. On September 30, 2014,

---

[2] References to the Reporter's Record are abbreviated as "RR" followed by the volume number and page number.

the Court of Appeals denied the Motion for Rehearing and issued a memorandum opinion finding the evidence was sufficient to support Appellant's conviction for murder under the law of parties. *Id.* at *3.

## STATE'S REPLY TO GROUND FOR REVIEW

> **Appellant did not admit to conduct to make him liable to the offense of murder as a principal or party. Thus, the Court of Appeals did not err in its affirmance of the trial court's ruling to deny instructions on the defenses of duress and necessity.**

## ARGUMENT

### A. Appellant's Contentions in his Petition

Appellant contends in his ground for review the Court of Appeals erred in affirming the trial court's denial of an instruction of the defense of duress. In the argument portion of his petition, Appellant contends he was entitled to jury instructions on defenses of duress and necessity.

Appellant relies on the testimony of the assault victim, Ann Bostic (hereafter referred to as "Bostic") and informant Devan Bomar (hereafter referred to as "Bomar"), to provide evidence he was guilty of murder as a party and therefore entitled to instructions on defense and necessity.

4

## B. Standard of Review

It is well settled that a defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether that evidence is strong, feeble, unimpeached, or contradicted. *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). If the issue is raised by a party, refusal to submit the requested the requested instruction is reviewed under the abuse of discretion standard. *See Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). The evidence submitted in support of a justification defense is reviewed in the light most favorable to the defendant. *See Pennington v. State*, 54 S.W.3d 852, 856 (Tex. App.—Fort Worth 2001, pet. ref'd).

## C. State's Response to the Duress Defense

Appellant argued in his Petition for the duress instruction that Bomar's and Bostic's testimony "presented some evidence to show that he engaged in conduct to commit the offense of murder as a party, because compelled to do so because of threat of imminent death or serious bodily injury." (Petition for Discretionary Review p. 5). The duress defense is available if "the actor engaged in the proscribed conduct because he was compelled to do by threat of imminent death or

5

serious bodily injury to himself or another." TEX. PENAL CODE ANN. §
8.05(a) (2011). Compulsion "exists only if the force or threat of force
would render a person of reasonable firmness incapable of resisting the
pressure." TEX. PENAL CODE ANN. § 8.05(c) (2011). Furthermore, the
defense is unavailable if the actor, "intentionally, knowingly, or
recklessly placed himself in a situation in which it was probable he
would be subjected to the compulsion." TEX. PENAL CODE ANN. § 8.05(d)
(2011).

In order to raise the defense of duress, the evidence must show
both compulsion and immediacy. There are two components to
immediacy. *Anguish v. State*, 991 S.W.2d 883, 886-887 (Tex. App.—
Houston [1st Dist.] 1999, pet. ref'd). First, the person making the threat
must intend and be prepared to carry out the threat immediately.
Second, carrying out the threat must be predicated upon the threatened
person's failure to commit the charged offense immediately. *Id.*;
*Ramirez v. State*, 336 S.W.3d 846, 851 (Tex. App.—Amarillo 2011, pet.
ref'd). Furthermore, to avail oneself of the defense the accused must
admit to having engaged in the proscribed conduct. *Ramirez*, 336
S.W.3d at 851.

There is no evidence in the record that Paul Curtis Lee (hereafter referred to as "Lee") threatened Appellant prior to the attack in which Lee bludgeoned and stabbed Christopher Easley (hereafter referred to as "Easley") to death. There is not any objective evidence in the record that during the attack on Easley that Lee said anything or threatened Appellant to hold Bostic back. No evidence exists in the record in which any inference of a threat by Lee towards Appellant was imminent such that he would be compelled to participate in the murder of Easley.

The evidence at trial showed Appellant mentioned in his statement to Sheriff's Investigator Hunnicutt that he was afraid of Lee because he could overpower him. (RR6 156). Appellant also said he was afraid of Lee because of his alleged connection to the Texas Syndicate. (RR6 156). The claim of duress must have an objective reasonable basis. *See Murkledove v. State*, 437 S.W.3d 17 (Tex. App.—Fort Worth 2014, pet. dism'd) (Even if defendant feared the possibility of or potential harm to himself or his family, no evidence existed upon which an inference could be made that harm was imminent when he decided to act). *Cameron v. State,* 925 S.W.2d 246, 250 (Tex. App. – El Paso, 1995, no pet.) (Defendant generally afraid of co-defendant's temper, there is

no evidence of a specific threat). *Bernal v. State*, 647 S.W.2d 699, 706 (Tex. App. – San Antonio 1982, no pet.) (Fear that co-defendant might get violent if defendant did not 'take his turn" in rape held insufficient to raise defense of duress).

As there was not any evidence of an imminent threat, the Eleventh Court of Appeals was correct in its ruling Appellant was not entitled to an instruction on the defense of duress. The trial court did not err to deny the requested instruction.

**D. State's Response to the Necessity Defense**

Appellant does not present an argument as to the applicability of the necessity defense. The Petition contains a general statement in reference to the Memorandum Opinion on Motion for Rehearing published September 30, 2014, in which the Court of Appeals found the evidence was sufficient to convict the Petitioner as a party to murder. However, attorney for the State is unable to discern any analysis in the Petition of how the evidence warrants an instruction on the necessity defense. Rather than guess Appellant's argument, the State submits Rule of Appellate Procedure 68.4(h) applies to this situation. "A petition must contain a direct and concise argument, with supporting

8

authorities, amplifying the reasons for granting review." TEX. R. APP. P. 68.4(h). Appellant has not provided any reasons to argue his contention that the finding by the Court of Appeals the evidence is sufficient support the conviction for murder warrants a necessity defense instruction. The State submits this issue is not adequately presented for review.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the State prays the Court of Criminal Appeals deny Petitioner's Petition for Discretionary Review.

Respectfully submitted,

Teresa Clingman
District Attorney of Midland County, Texas

By:

*/S/ Carolyn D. Thurmond*
Carolyn D. Thurmond
Assistant District Attorney
State Bar No. 00785104
500 North Loraine, Suite 200
Midland, Texas 79701
(432) 688-4938 fax
(432) 688-4420 voice
carolyn_thurmond@co.midland.tx.us

9

## CERTIFICATE OF SERVICE

I, Carolyn D. Thurmond, do hereby certify that on the 30th day of December 2014, I sent a true and correct copy of the foregoing State's Reply to Petition for Discretionary Review was sent by United States Mail, hand delivery or EServe or email to the following entities:

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, TX 78711
Information@spa.texas.gov

David Martinez
Attorney at Law
1663 Broadway
Lubbock, Texas 79401
Email: dmtz@aol.com
Attorney for Appellant

/S/ Carolyn D. Thurmond
_____
Carolyn D. Thurmond
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I certify the State's Reply to Petition for Discretionary Review was prepared with Microsoft Word 2010 and that according to that program's word-count function, the sections covered by TEX. R. APP. P. 9.4(i)(1)  contain 1,056 words. I further certify the body text is Century Schoolbook 14 point font and the footnote text is 12 point font.

By:

*/S/ Carolyn D. Thurmond*

_____
Carolyn D. Thurmond
Assistant District Attorney