

IN THE
TENTH COURT OF APPEALS

No. 10-17-00030-CR

GARY PARKER HALL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. F50779

MEMORANDUM OPINION

Gary Parker Hall was convicted of Evading Detention as a habitual offender and sentenced to 40 years in prison. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016). Because the trial court did not err in denying Hall's motion for continuance or Hall's requested instruction on the defense of duress, the trial court's judgment is affirmed.

**BACKGROUND**

Hall had outstanding warrants for his arrest. The Cleburne Police Department received a tip that Hall would be traveling by vehicle to a local bank. Officers arrived at

the bank and waited for Hall.  When Hall arrived, the officers approached Hall's vehicle in their vehicles.  Hall drove around the officers and sped off.  The officers chased Hall through town for about a mile before Hall abandoned his vehicle while it was still moving and ran away from the officers.  He was ultimately tased and captured not far away.

Hall's first trial ended in a mistrial.  His second trial was held two months later. His theory at trial was that he was under duress from his passenger, Daniel Davis, to flee from the officers.

**MOTION FOR CONTINUANCE**

In his first issue, Hall contends the trial court erred in failing to grant Hall's motion for continuance to secure the testimony of Daniel Davis.

The denial of a motion for continuance is within the sound discretion of the trial court, and we review a denial for an abuse of discretion.  *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *see also Gutierrez v. State*, 446 S.W.3d 36, 38 (Tex. App.—Waco 2014, pet. ref'd).  An appellant claiming the erroneous denial of a motion for continuance must show:  (1) the trial court erred in denying the motion for continuance; and (2) such denial harmed him in some tangible way. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

A motion for continuance based upon the unavailability of a witness is expressly

governed by statute and must "state," among other things,[1] the diligence used to secure the presence of the missing witness for trial. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). The Court of Criminal Appeals has interpreted the diligence requirement "to mean not only diligence in procuring the presence of the witness, but also diligence as reflected in the timeliness with which the motion for continuance was presented." *Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999). For example, the Court has held that a motion for continuance based on the absence of witnesses which was filed on the day the trial was set to commence did "not show the diligence required to support the motion." *Kelly v. State*, 471 S.W.2d 65, 66 (Tex. Crim. App. 1971). Thus, no abuse of discretion was shown. *Id*.

Here, Hall filed his motion for continuance the morning of trial to secure the testimony of Daniel Davis. The record shows that this trial was set at a pretrial hearing on October 27, 2016 for the morning of November 14, 2016.[2] Hall's counsel attempted to contact Davis on November 4, 2016 a week after the pretrial hearing. He hired an investigator on November 7, 2016. Hall applied for, and was issued, a subpoena for Davis a day later. Two days before trial, the investigator left his contact information with an individual at the residence where Davis had lived. At some unknown point in time after

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 29.06 (West 2011) for the remainder of the information, not relevant here, to be included in a first motion for continuance.

[2] Davis had been on the State's witness list since before the initial trial in September.

leaving his contact information, Davis contacted the investigator by phone. The contact did not result in the service of the subpoena; and there was no testimony regarding whether, during the phone contact, the investigator attempted to schedule a meeting with Davis at any time to serve the subpoena.

Based on these facts, it does not appear that Hall used diligence in procuring the presence of Davis or in timely presenting his motion for continuance. Thus, the trial court did not abuse its discretion in denying the motion for continuance. *See Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999). Hall's first issue is overruled.

## DEFENSIVE INSTRUCTION

Hall requested an instruction in the jury charge on the defense of duress. That request was denied. On appeal, he argues the trial court erred in denying that requested instruction. The State's initial response to this issue is that there was no evidence of an immediate threat of death or serious bodily injury to Hall or his family; therefore Hall was not entitled to the instruction. We agree with the State.

When we review a claim of jury charge error, we engage in a two-step process: first, we determine whether error exists; and second, if there is error, we then determine whether sufficient harm resulted from the error to require reversal. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). A judge must give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is

contradicted or is not credible. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013). A defense is raised by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that the element is true. *Id*. Whether a defensive issue was raised by the evidence presented at trial is a question of law. *Id*. n. 5. When reviewing a trial court's decision denying a requested instruction, we view the evidence in the light most favorable to the defendant's requested submission. *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017).

Section 8.05(a) of the Texas Penal Code states that it is an affirmative defense to prosecution if a defendant committed the offense because he was "compelled to do so by threat of imminent death or serious bodily injury to himself or another." TEX. PENAL CODE ANN. § 8.05(a) (West 2011). In this context, compulsion exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure. *Id*. § 8.05(c). To meet the requirements of duress, the threat of death or serious bodily injury must be imminent. *Ramirez v. State*, 336 S.W.3d 846, 851 (Tex. App.—Amarillo 2011, pet. ref'd). Imminence has two components: 1) the person making the threat must intend and be prepared to carry out the threat immediately; and 2) carrying out the threat must be predicated upon the threatened person's failure to commit the charged offense immediately. *Id*.; *Anguish v. State*, 991 S.W.2d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). A threat of death at some indefinite time in the future is insufficient to

satisfy the requirement of imminence.  *See Blount v. State*, 542 S.W.2d 164, 166 (Tex. Crim. App. 1976); *Ramirez*, 336 S.W.3d at 851-852.

Hall testified as to his defense of duress.  He stated that he gave Daniel Davis a ride to do various errands on the day in question.  When Hall drove to a bank parking lot where Hall was to pick up his phone from someone, Davis started yelling at Hall and hitting him.  Davis had a hard object in his hand and was "hammer-punching" Hall with it.  Hall said he was forced to drive away.  When Hall abandoned the vehicle and ran from police, Hall stated he was trying to get away from Davis and that he "was made to run away … to get the police distracted."

Hall stated that as a result of the beating by Davis, his cheek was "lacerated" and swollen, he had a black eye, and a knot on the side of his head.  He also stated that he was afraid of Davis, felt threatened by Davis, and felt that his life and his children's lives were in danger.

There was no testimony that Davis intended and was prepared to carry out any threat of death to Hall or Hall's children immediately.  And although Hall stated he was being beaten by Davis as Hall drove away from the bank, there was no testimony that the injuries Hall sustained met the requirements of serious bodily injury[3] or that the beating was predicated upon Hall's failure to immediately evade the police.

Accordingly, viewing the evidence in the light most favorable to Hall's requested

---

[3] "Serious Bodily Injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.  TEX. PENAL CODE ANN. § 1.07(46) (West 2011).

instruction, the trial court did not err in denying Hall's requested instruction of duress.

Hall's second issue is overruled.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 5, 2018
Do not publish
[CRPM]

