

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00221-CR
No. 07-24-00222-CR

MICHELLE RAE CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court Nos. 080493-B-CR, 080065-B-CR, Honorable Titiana Frausto, Presiding

April 29, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Michelle Rae Chavez, Appellant, appeals from her convictions for intoxication manslaughter with a vehicle and intoxication assault with a vehicle.[1] In her sole issue, Appellant challenges the trial court's denial of her request for a jury charge instruction on duress. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.07(a), .08(a).

**BACKGROUND**

On the evening of June 20, 2020, Appellant attended a party at an Amarillo bar, where she consumed alcoholic beverages. After several hours, Appellant left the bar. When she got into her car, she discovered that she had received text messages from her ex-boyfriend, Michael. Appellant described the messages as "very threatening" and "saying ugly things," which upset her. She believed that Michael, who lived in California, might come to Amarillo. According to Appellant, Michael had been violent with her in the past. Appellant testified that she "kind of panicked" and then drove away from the bar.

A short time later, around 1:00 a.m. on June 21, Appellant drove through a red light at an intersection at a high rate of speed, colliding with another vehicle. One passenger in the other vehicle was thrown from the car and killed, while another passenger was seriously injured. Appellant was also injured and transported to the hospital where, two and a half hours after the accident, her blood alcohol content tested 0.217, almost three times the legal limit.[2]

Appellant was charged with intoxication manslaughter with a vehicle and intoxication assault with a vehicle. She pleaded not guilty to the charges and the case proceeded to a jury trial in June of 2024. During the charge conference, Appellant's counsel requested a jury instruction on the defense of duress, which the trial court denied.

The jury found Appellant guilty of both offenses and sentenced her to ten years' confinement on each charge, with the intoxication assault charge suspended for a period of ten years. Appellant was also fined $10,000 on each charge.

---

[2] The legal limit for blood alcohol content is 0.08. TEX. PENAL CODE ANN. § 49.01(2)(B).

ANALYSIS

On appeal, Appellant asserts that the trial court erred by refusing to instruct the jury in its charge on the defense of duress. Appellant argues that she was compelled to act under threat of imminent bodily injury from her former partner, Michael, "who assaulted her before, had her location[,] and was on the way to find her."

Generally, a defendant is entitled to submission of an affirmative defensive instruction on every issue raised by the evidence, even if the trial court thinks that the testimony could not be believed. *Chavers v. State*, 991 S.W.2d 457, 459 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Duress is an affirmative defense available if the actor engaged in proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another. TEX. PENAL CODE ANN. § 8.05(a). Duress is not proven without a specific, objective threat of death or serious bodily harm. *See Cameron v. State*, 925 S.W.2d 246, 250 (Tex. App.—El Paso 1995, no pet.) (general knowledge of a person's temper does not create duress).

To establish compulsion, a defendant must prove that "the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure." TEX. PENAL CODE ANN. § 8.05(c). An imminent threat has two components: (1) the person making the threat must intend and be prepared to carry out the threat immediately and (2) the threat must be predicated on the threatened person's failure to commit the charged offense immediately. *Anguish v. State*, 991 S.W.2d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

Appellant testified that she was upset by Michael's texts, believed that he might come to Amarillo, and felt fear when she left the bar. There is no evidence in the record

3

tending to show that Michael was in a position to carry out any threat immediately, such that his text messages "compelled" Appellant to drive while intoxicated and commit the offenses at issue. *See id.* at 886–87. Additionally, there is no evidence that Michael threatened Appellant with imminent serious bodily harm or death if she did not drive while intoxicated or commit the offenses of intoxication manslaughter and intoxication assault. Thus, the threat that Appellant claims compelled her to commit the offenses fails on both components of immediacy. *See, e.g., Smith v. State*, No. 06-02-00144-CR, 2003 Tex. App. LEXIS 6060, at *12 (Tex. App.—Texarkana July 17, 2003, no pet.) (trial court properly denied duress instruction where record did not show people who made threat intended to or were prepared to carry out threats immediately and defendant did not raise issue that threatened harm was conditioned on his committing evasion of arrest).

Given the lack of evidence that Appellant committed these crimes under a threat of imminent harm, we conclude that Appellant was not entitled to an instruction on the defense of duress. Thus, the trial court did not err by refusing to include such an instruction in the jury charge.

## CONCLUSION

Having resolved Appellant's sole issue against her, we affirm the judgments of the trial court.

Judy C. Parker
Justice

Do not publish.

4