Billy Joe BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 67496.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 23, 1981.

Peter A. Lesser, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., John D. Nation, Gerald A. Banks and R. R. Smith, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Appellant was convicted on a plea of guilty for committing the offense of passing a forged check. Punishment, in accord with a plea bargain agreement with the prosecutor, was assessed by the trial court at five years' confinement in the Texas Department of Corrections. Appellant appeals his conviction pursuant to Art. 44.02, V.A.C.C.P., claiming on appeal that the trial court reversibly erred by denying his pretrial motion for a bench warrant for an inmate located in the Texas Department of Corrections.

Appellant's pretrial motion requested that the trial court issue a bench warrant for Nolan Blair, an inmate in the Department of Corrections. The motion alleged that the inmate had information essential to appellant's defense, but the motion does not state what the information entailed. The motion also alleges that, although his trial attorney had been retained, appellant was unable to personally pay the expenses for the attorney to visit inmate Blair. The motion was denied after a hearing, at which the appellant testified that he felt Blair had information central to his case, but again he did not detail what the information was. Appellant also testified that his mother had hired his trial attorney, but she was now without additional funds to pay the attorney to visit Blair.

Appellant's contention on appeal rests on the premise that the denial of the motion was based on his failure to claim indigency; thus, he reasons, the action of the trial court denied him effective assistance of counsel and equal protection under the law.

Art. 24.13, V.A.C.C.P., provides as follows:

Attachment for Convict Witnesses

All persons who have been or may be convicted in this State, and who are confined in an institution operated by the

Department of Corrections or any jail in this State, shall be permitted to testify in person in any court for the State and the defendant when the presiding judge finds, after hearing, that the ends of justice require their attendance, and directs that an attachment issue to accomplish the purpose, notwithstanding any other provision of this Code. Nothing in this Article shall be construed as limiting the power of the courts of this State to issue bench warrants.

Implicit in the statute is the requirement that the accused must first show cause why the convict witness' testimony will be material to his defense, before the trial court is authorized to bench warrant an inmate from the Texas Department of Corrections to court. The motion is really an application to the court for a subpoena, see Art. 24.03, V.A.C.C.P., which, if granted, issues in the form of an attachment or bench warrant for the witness.

As easily seen, the statute, as to the obtaining of a convict witness, does not concern itself with whether an accused is indigent or non-indigent, with or without funds or a source of funds, but only whether "the ends of justice require [the witness'] attendance."

In order to successfully complain on appeal of the trial court's denial of an application for attachment of a convict witness, it is first necessary to submit to the trial court an affidavit from the missing witness stating what he would testify to, or submit a sworn statement by some person setting out what the testimony of the witness would be. See *Peoples v. State*, Tex.Cr.App., 477 S.W.2d 889 (1972). In this cause, appellant never stated, either orally or in writing, what Blair's testimony would be. Appellant's status as to indigency is therefore irrelevant in the consideration of his mo-

tion, since the trial judge could have bench warranted the witness to court regardless of appellant's financial status. The relevant factor that is missing in this cause is appellant's failure to demonstrate that the testimony of Blair would have been material to his defense. Appellant's conclusory assertion that the testimony of the witness was "essential" to his defense is not an adequate factual basis to support the motion.

We further observe that appellant did not file a motion for new trial, but waived the time for filing of same and was sentenced by the trial court on the same day he entered his plea of guilty. We said in *Peoples, supra*:

> *Further*, in order to successfully complain of the court's failure to grant a motion for continuance or denying an application for attachment of a convict witness *it is necessary to attach to the motion for new trial either an affidavit from the missing witness stating what he would have testified to or a statement, under oath, showing why the same was not secured before the motion was filed.* (*Id.* 891) (emphasis added)

See also *Mitchell v. State*, Tex.Cr.App., 466 S.W.2d 786 (1971). Cf. *Hardin v. Estelle*, 484 F.2d 944 (5th Cir. 1973).

Appellant's appeal attorney, in his well written brief, has simply put the cart before the horse, in contending that the trial court erred by denying the motion, for he has not shown that appellant first satisfied the requirements of the statute, that is, appellant has not satisfied the prerequisite of what the witness would testify to if brought to court. There is nothing before this Court to review and we decline the invitation to discuss an issue that is not properly before this Court.[1]

---

1. We observe in passing that if a "convict" witness is material to a defendant's cause, it would appear to be a very simple matter for counsel to first communicate with the witness by mail in order to verify the materiality of the information furnished by the client. If the information is sufficiently verified, the attorney himself could sign a sworn statement or he could prepare a sworn statement and mail it to the inmate witness for his signature before a notary public. In any event, by our holding today, it is incumbent upon a defendant or his trial attorney to do more than to simply give the trial judge a name and address of a "convict" witness stating at the time simply the witness is essential to the defense.

We further observe that appellant's motion was filed on July 7, 1980, and was heard and denied on July 9, 1980. Thereafter the parties reappeared in court on August 6, 1980, at which time appellant entered a plea of guilty to the offense charged, pursuant to a plea bargain agreement, where the prosecutor, in exchange for the plea, agreed to and did recommend to the trial court that appellant's punishment be assessed at five years' confinement in the Texas Department of Corrections. No statements, concerning witness Blair, were made by either appellant or trial counsel at that time. After waiving the time provided by law for the filing of a motion for new trial, appellant was sentenced, after which he gave notice of appeal. There is also nothing in the record to reflect what, if anything, concerning witness Blair, occurred or transpired between the date the pretrial motion was heard, July 9, 1980, and the date when the plea was entered and appellant was sentenced, August 6, 1980. Nor is there anything in the record to show what may have developed or transpired, concerning witness Blair, while the cause has been on appeal. Compare *Whitmore v. State*, Tex.Cr.App., 570 S.W.2d 889 (1978).

The judgment is affirmed.

DALLY, J., concurs in result.