**Ricky SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–96–00014–CR.**

Court of Appeals of Texas, Tyler.

Nov. 27, 1996.

Discretionary Review Refused May 7, 1997.

B.N. Tucker, Jr., Jacksonville, Stephen Christopher Taylor, Galveston, for appellant.

Bill Curley, Palestine, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Ricky Lee Smith ("Appellant") appeals his conviction of the felony offense of escape. Appellant pleaded not guilty. On September 20, 1995, a jury convicted Appellant of the charged offense. Subsequently, the jury assessed Appellant's punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice–Institutional Division ("TDCJ–ID"). Appellant presents three points of error and requests that this Court reverse and remand this matter for a new trial. We will **affirm.**

On July 6, 1993, Appellant was serving a sentence for aggravated assault on a peace officer. He was incarcerated in TDCJ–ID's Coffield Unit. Appellant hung a sheet inside his cell door so that officers could not see inside his cell. In the early morning hours of July 7, 1993, Coffield Unit officers could not get a response from Appellant. Upon entering Appellant's cell, officers realized that Appellant was not in his cell. Between 1:00 a.m. and 2:00 a.m., officers sounded the alarm that a prisoner had escaped. The captain assigned various officers to watch for Appellant at the unit's front gate. Shortly

after 2:00 a.m., Officer Warren saw a slow-moving brown pickup coming out of employee housing. Officer Warren identified the driver as Appellant and ordered him to stop. Appellant sped off in the pickup. Appellant wrecked the brown truck and fled on foot. Captain Sharp chased Appellant in the vehicle, but did not give chase on foot. Later that evening, sheriff's deputies apprehended Appellant.

■■■ In his first point of error, Appellant contends that the trial court erred in denying his motions for bench warrants for inmate witnesses. At trial, Appellant insisted that the testimony of certain inmate witnesses was material to his defenses of duress and necessity.

All persons who have been or may be convicted in this State, and who are confined in an institution ... shall be permitted to testify in person in any court for the State and the defendant when the presiding judge finds, after hearing, that the ends of justice require their attendance, and directs that an attachment issue to accomplish this purpose.

TEX.CODE CRIM.PROC.ANN. 24.13 (Vernon 1989). The proponent of the convict witness's testimony must first show cause why the witness's testimony will be material to his case. *Black v. State*, 621 S.W.2d 630, 631 (Tex.Cr.App. [Panel Op.] 1981). Further, the proponent must submit to the trial court an affidavit from the inmate witness setting forth such witness's proposed testimony or submit sworn testimony regarding the witness's anticipated testimony. *Id.* A defendant must use due diligence in obtaining the presence of a witness at trial. *Mitchell v. State*, 466 S.W.2d 786, 787–88 (Tex.Cr.App. 1971). A defendant who applies for an attachment of an inmate witness one or two days before his trial has failed to exercise due diligence to obtain that witness. *Peoples v. State*, 477 S.W.2d 889, 891 (Tex.Cr.App. 1972). An appellate court reviews a trial court's decisions regarding the admission or exclusion of evidence for an abuse of discretion. *Matson v. State*, 819 S.W.2d 839, 850 (Tex.Cr.App.1991).

■■■ Although both duress and necessity may be affirmative defenses to prosecution, both defenses require that the danger to the accused be imminent. It is an affirmative defense to prosecution that the actor engaged in the criminal conduct because he was compelled to do so by threat of imminent death or serious bodily injury. TEX. PENAL CODE ANN. § 8.05 (Vernon 1994). In order to be relevant to a defense of duress, a threat of imminent death or serious bodily harm must be a present threat. *Kessler v. State*, 850 S.W.2d 217, 222 (Tex.App.—Fort Worth 1993, no pet.). Necessity may also be an affirmative defense to prosection. "Conduct is justified if the actor reasonably believes the conduct is immediately necessary to avoid imminent harm...." TEX. PENAL CODE ANN. § 9.22 (Vernon 1994).

Appellant filed two applications for bench warrants. Each application sought bench warrants for numerous inmate witnesses to testify at Appellant's trial. The first application was filed August 24, 1995, and requested that twenty-one inmates be brought from various correctional facilities to Anderson County for trial. The trial court conducted a hearing on the application, at which Appellant offered testimony regarding the anticipated testimony of each potential witness.

■ The trial court did not abuse its discretion in refusing to grant Appellant's first application for bench warrants of the requested witnesses. Although Appellant presented the proposed testimony of the witnesses, Appellant was unable to demonstrate that those witnesses' testimony was relevant to his defenses of duress and necessity. Appellant testified that the first six of his twenty-one requested witnesses had been confined near Appellant in the Coffield Unit and overheard Officer York threaten Appellant on March 16, 1993. The trial court refused to issue attachments for these witnesses and ruled that the testimony of these witnesses was not relevant to the issue of Appellant's defenses because a threat made on March 16, 1993 did not tend to show that Appellant was compelled to escape on July 7, 1993 by a threat of imminent death or serious bodily injury. Appellant proffered the testimony of witnesses seven through sixteen to demonstrate that there was a general atmosphere of brutality carried out in the policies and

practices of TDCJ–ID. The court refused to issue attachments for witnesses seven through sixteen because the anticipated testimony did not demonstrate that Appellant was compelled to escape because of an imminent threat. Appellant also testified that the testimony of witnesses seventeen through twenty-one was necessary because those witnesses could testify regarding events that transpired in prison after Appellant's escape. The court refused to issue attachments for witnesses seventeen through twenty-one because events that occurred after Appellant's escape did not tend to show Appellant's state of mind at the time of the offense.

▮ Similarly, the trial court did not abuse its discretion in refusing to grant Appellant's second application for bench warrants. Appellant filed his second application on the day of trial. The trial court denied Appellant's application on the ground that it was not timely filed. We overrule Appellant's first point of error.

In his second point of error, Appellant contends that the trial court erred in admitting the extraneous offense of unauthorized use of a motor vehicle in the guilt/innocence phase of his trial. At trial, the State offered evidence that Appellant left his cell without authorization, exited through the security fence of the Coffield Unit, went to the employee housing unit, took John Hogue's pickup truck, and drove through the gate of the TDCJ–ID complex. Appellant objected that any testimony regarding his unauthorized use of a motor vehicle to leave the TDCJ–ID complex was not relevant, constituted an extraneous offense, and the probative value of such evidence was substantially outweighed by its prejudicial effect. We disagree.

▮ As a general rule, relevant evidence is admissible. TEX.R.CRIM.EVID. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." TEX.R.CRIM.EVID. 404(b). Evidence of other

crimes, wrongs or acts may be admitted if such evidence has relevance apart from the tendency to prove the character of the accused. *Alba v. State*, 905 S.W.2d 581, 585 (Tex.Cr.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996). "[E]xtraneous offenses that are indivisibly connected to the charged offense and necessary to the State's case in proving the charged offense may be admissible as relevant evidence to explain the context of the offense for which the defendant is on trial." *Lockhart v. State*, 847 S.W.2d 568, 571 (Tex. Cr.App.1992), *cert. denied,* 510 U.S. 849, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993); *see also Blakeney v. State*, 911 S.W.2d 508, 514 (Tex. App.—Austin 1995, no pet.). An appellate court reviews a trial court's admission of same-transaction evidence for an abuse of discretion. *Blakeney*, 911 S.W.2d at 514.

▮ Once the trial court determines that evidence of an extraneous offense is admissible as same-transaction contextual evidence, the court must, upon proper objection, balance the probative value of the evidence against the danger of unfair prejudice. A court has performed the balancing test when it has heard the objection, considered it, and overruled it. *Houston v. State*, 832 S.W.2d 180, 184 (Tex.App.—Waco 1992, pet. dism'd). The prejudicial nature of same-transaction contextual evidence rarely renders such evidence inadmissible so long as it sets the stage for the jury's comprehension of the whole criminal transaction. *Mock v. State*, 848 S.W.2d 215, 223 (Tex.App.—El Paso 1992, pet. ref'd). The State was required to prove each element of the offense of escape beyond a reasonable doubt. TEX. PENAL CODE ANN. § 2.01 (Vernon 1994). A person commits the offense if he escapes from custody after having been convicted of an offense. Act of May 26, 1985, 69th Leg., R.S., ch. 328, § 1, 1985 Tex. Gen. Laws 1391, 1391–92, amended by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Ses. Law Serv. 3586, 3670 (Vernon)(current version at TEX. PENAL CODE ANN. § 38.06 (Vernon 1994)). "Escape" is defined in part as "an unauthorized departure from custody." TEX. PENAL CODE ANN. § 38.01(2) (Vernon Supp.1996). "[F]light is not an essential

element of the offense of escape because the offense itself is complete when an unauthorized departure from custody is made." *Fitzgerald v. State,* 782 S.W.2d 876, 881 (Tex. Cr.App.1990).

■ The trial court did not abuse its discretion in finding that Appellant's unauthorized use of Hogue's pickup was relevant to prove Appellant escaped. Appellant used Hogue's truck to drive out of the TDCJ–ID complex, thereby escaping from custody. Evidence of the means of Appellant's escape tended to prove that Appellant did escape and therefore was relevant to the question of whether Appellant escaped.

Moreover, the trial court's admission of Appellant's unauthorized use of Hogue's truck was not an impermissible extraneous offense, but rather constituted same transaction contextual evidence of Appellant's escape. Appellant used Hogue's truck to escape from the TDCJ–ID complex. Evidence that Appellant took the vehicle was necessary for the State to logically present evidence of the escape. It would make little sense for the State to prove that Appellant was not in his cell and was found outside the prison without showing how Appellant got outside. The trial court did not abuse its discretion in overruling Appellant's objection that the extraneous offense was merely impermissible character evidence.

Finally, the prejudicial effect of the extraneous offense did not substantially outweigh the probative value of such evidence. Evidence that Appellant took Hogue's truck and used it to escape from the prison complex was highly probative of the essential facts that Appellant did escape and that he was outside of the prison perimeter. Because an officer saw Appellant drive Hogue's truck from employee housing through the prison gate and outside of the prison, evidence of the Appellant's use of the truck was direct evidence of his escape from custody. On the other hand, Appellant merely stated that introduction of the extraneous offense was "highly prejudicial." Appellant did not elaborate, either at trial or in his appellate brief, on exactly how the evidence prejudiced him. The trial court did not abuse its discretion in

admitting testimony regarding the extraneous offense.

Appellant directs this Court to the Court of Criminal Appeals' decision in *Fitzgerald v. State,* 782 S.W.2d 876 (Tex.Cr.App.1990). In *Fitzgerald,* a prison inmate "broke out" of his dormitory and went through a hole cut in the fenced boundary of his unit. The State offered evidence that Fitzgerald committed burglary and attempted murder approximately twelve hours after he had escaped from prison. The court stated, "[t]hat thereafter [after his escape] he [Fitzgerald] was an escapee at large in the 'free world' does not extend the criminal episode for purposes of admitting extraneous offenses that have no relationship whatever to 'the evidence necessary to prove that accused committed the crime for which he stands charged.'" *Fitzgerald v. State,* 782 S.W.2d at 881 (quoting *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App. 1972)). The facts of the present case distinguish it from *Fitzgerald.* Whereas *Fitzgerald's* extraneous offenses were separate and distinct from the offense of escape, Appellant's use of Hogue's vehicle was part and parcel of his escape from the prison complex. Therefore, *Fitzgerald* is not controlling. We overrule Appellant's second point of error.

■ In his third point of error, Appellant complains that the trial court erred in admitting evidence of Appellant's statement made while in custody. Texas Ranger Henderson testified that he was riding in the vehicle that transported Appellant back to the Coffield Unit following his arrest. During the ride, Appellant stated that it would not take him as long to get out the next time as it did this time. At trial, Appellant objected to this evidence on the grounds that it was not relevant, that it was evidence of an extraneous offense offered to prove that Appellant acted in conformity with his character, that the probative value of the evidence was substantially outweighed by its prejudicial effect, and that Appellant made the statement while in custody.

As noted above, this Court reviews the trial court's admission of evidence for an abuse of discretion based on the rules set forth in the discussion of point two, *supra.* Appellant's statement indicated that he had

actually escaped from custody. As such, the statement was direct evidence of Appellant's guilt of the charged offense and undeniably relevant. Appellant's contention that the statement was evidence of an extraneous offense is similarly without merit. Appellant admitted that he escaped. Escape was the charged offense. Nothing in Appellant's statement related to an extraneous offense. Similarly, the admission of Appellant's statement was not unfairly prejudicial to Appellant.

Finally, we examine Appellant's contention that the trial court should have excluded his statement because it was made while in custody. "An oral statement made pursuant to custodial interrogation is not admissible unless the requirements of article 38.22, section 3(a) of the Texas Code of Criminal Procedure are met." *Henson v. State,* 794 S.W.2d 385, 390 (Tex.App.—Dallas 1990, pet. ref'd). However, Section 5 of article 38.22 allows the admission of "a statement that does not stem from custodial interrogation...." TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5 (Vernon 1979). If a statement is not the result of custodial interrogation, it is admissible against the accused on the question of guilt. *Chambliss v. State,* 647 S.W.2d 257, 263 (Tex. Cr.App.1983). Where an accused makes no showing that his statement was the result of a custodial interrogation, the accused's statements are admissible. *Westbrook v. State,* 697 S.W.2d 791, 794 (Tex.App.—Dallas 1985, pet. ref'd)(holding it was not error to admit oral statements made by defendant on the way to police station where such statements were not the result of a custodial interrogation).

In the present case, Appellant moved to suppress the statement that he made to Ranger Henderson. However, Appellant presented no evidence in support of his motion. The only evidence on the issue of custodial interrogation was from Ranger Henderson who testified that Appellant's statement was not in reply to any question, but simply a statement made by Appellant. Appellant's statement was admissible because there was no showing that the statement was the result of a custodial interrogation. The trial court did not abuse its

discretion in admitting Appellant's statement. We overrule Appellant's third point of error.

The judgment of the trial court is **affirmed.**