Opinion issued October 28, 2004


 







 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00719-CR




JOSEPH B. ROTELLA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 905469




MEMORANDUM OPINION ON REMAND 
FROM THE COURT OF CRIMINAL APPEALS
Joseph Benjamin Rotella, appellant, pleaded not guilty to assault of a
household member. The jury found him guilty, found an enhancement paragraph
true, and assessed punishment at eight years’ confinement. On original submission,
this Court affirmed appellant’s conviction, finding that he had not preserved error on
his complaints of improperly admitted evidence because he did not object every time
the State attempted to elicit testimony regarding appellant’s crack cocaine usage and
his plans to go to “Crackville.” Accordingly, we did not reach the merits of
appellant's first point of error.


 Rotella v. State, No. 01-02-00719-CR, 2003 WL
21545117, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2003) (not designated for
publication). On discretionary review, the Court of Criminal Appeals held that this
Court erred in concluding that the point of error was not preserved and remanded this
case for reconsideration of appellant’s first point of error. Rotella v. State, No. 1627-03, 2004 WL 1682885, at *1 (Tex. Crim. App. June 09, 2004) (unpublished opinion). 
In his sole point of error, appellant contends the trial court erred in admitting
evidence that was of little or no probative value and unfairly prejudicial. We affirm
the trial court’s ruling.
BACKGROUND
On November 4, 2001, while Chris Cheves was driving with her husband,
Cheves saw appellant, the driver of the truck in front of them, beating his passenger,
Evelyn Collins. Collins stumbled out of the truck’s passenger door. As Collins
collected some of the things that fell out of the truck, she yelled for Cheves to call the
police. Appellant threw Collins’s purse out the driver’s side window of the truck, but
Collins’s wallet remained in the truck with appellant.
As Cheves’s husband dialed 911 on her cell phone, appellant put the truck in
reverse and rammed into Cheves’s car. Appellant got out of the truck and went to the
driver’s side of Cheves’s car to pound on the window. While Cheves was calling the
police, appellant got back into the truck and sped off. During the phone conversation
with the 911 operator, Collins made statements to Cheves, which Cheves repeated to
the operator, that appellant was on his way to “Crackville” and that he was “coming
down” off of crack cocaine. Based on the information Collins provided to the police
about where appellant was going after the assault, the police picked up appellant and
placed him in custody.


 
Appellant was later charged with assault of a household member. At trial,
appellant objected to the admission of the audiotape recording of the 911
conversation on the grounds that it violated Texas Rule of Evidence 404 and that its
prejudicial effect substantially outweighed its probative value under Texas Rule of
Evidence 403. At the pretrial hearing, the trial court initially excluded the comment
that appellant was “coming down” off crack cocaine, but admitted the comment about
appellant going to Crackville. However, at trial, after Collins, the complainant,
testified that appellant did not commit the charged offense and did not take any illegal
drugs on the date of the offense, the trial court admitted the comment about appellant
coming down off crack cocaine.
Admissibility of Evidence
In his sole point of error, appellant contends that the admitted evidence that
appellant “was on his way to Crackville” and that appellant was “coming down” off
of crack cocaine was of little or no probative value concerning any disputed issue and
was offered by the prosecution solely to prejudice the jury against appellant. The
State argues that the evidence was properly admitted under Rule 404(b) as same
transaction contextual evidence. 
 We review the trial court’s determination of admissibility under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App.
1990); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d). As a general rule, to prevent an accused from being prosecuted for some
collateral crime or misconduct, the State may not introduce evidence of bad acts
similar to the offense charged, even if relevant. Rule 404(b) provides that evidence
of “other crimes, wrongs or acts” is not admissible to prove a defendant’s character
in order to show action in conformity therewith. Tex. R. Evid. 404(b). However, this
type of evidence may be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. Tex.R. Evid. 404(b). 
In addition to the explicit exceptions set out in Rule 404(b), extraneous offense
evidence may be admissible as contextual evidence. Wyatt v. State, 23 S.W.3d 18,
25 (Tex. Crim. App. 2000). There are two types of contextual evidence: (1) evidence
of other offenses connected with the primary offense, referred to as same transaction
contextual evidence; and (2) general background evidence, referred to as background
contextual evidence. Mayes v. State, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). 
Same transaction contextual evidence is admissible as an exception under Rule
404(b) when such evidence is necessary to the jury’s understanding of the charged
offense. See Wyatt, 23 S.W.3d at 25; Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim.
App. 1993). Extraneous conduct is considered to be same transaction contextual
evidence when the charged offense would make little or no sense without also
bringing in the same transaction evidence. Rogers, 853 S.W.2d at 33. Such evidence
provides the jury information essential to understanding the context and
circumstances of events that are blended or interwoven. Camacho v. State, 864
S.W.2d 524, 532 (Tex. Crim. App. 1993). 
We conclude that the trial court’s decision to admit the evidence was not an
abuse of discretion. Here, evidence of appellant’s contemporaneous use of crack
cocaine at the time of the assault was helpful to the jury’s understanding of the instant
offense because it was so intertwined with the offense. In order for the State to
adequately describe the events leading to appellant’s assault of Collins and
appellant’s subsequent arrest, the State should be allowed to explain fully what
appellant was doing and why he committed the offense. The crack cocaine usage
evidence provided the jury with a context to show the appellant’s state of mind at the
time the offense was committed, as well as where he was headed immediately after
he committed the offense. “[I]t has long been the rule in this State that the jury is
entitled to know all relevant surrounding facts and circumstances of the charged
offense; an offense is not tried in a vacuum.” Moreno v. State, 721 S.W.2d 295, 301
(Tex. Crim. App. 1986). 
Similarly, the testimony relating to appellant’s plan to go to Crackville after he
committed the offense provides information necessary to the understanding and
circumstances of appellant’s assault of Collins. The State’s theory was that the
Crackville statement showed appellant’s “motive to lie, his motive to escape, . . . and
it shows evidence of his guilty mind” at the time of the assault. The Crackville
evidence provided a context for appellant’s actions and shed light on why he might
have acted so violently toward his wife and why he was in such a hurry to leave the
location of the offense. The evidence provided credence to the State’s theory that
appellant was on his way to buy more crack, and that this was why he took Collins’s
wallet while throwing the rest of her purse out of the truck during the assault. The
Crackville testimony was also necessary for the State to explain how the sheriff’s
department knew where to find appellant, because the Crackville testimony described
the area of Spring Branch where Collins told the sheriff’s department they could
locate appellant. We hold that appellant’s crack usage evidence and the Crackville
evidence admitted by the trial court constituted contextual evidence indivisibly
connected to the charged offense and that this evidence was, therefore, admissible
under section 404(b). Tex.R. Evid. 404(b).
Rule 403 Balancing
          Yet, even if the extraneous evidence satisfies the requirements of same
transaction contextual evidence, to be admissible, it must also satisfy the balancing
test of Texas Rule of Evidence 403. Swarb v. State, 125 S.W.3d 672, 681 (Tex.
App.—Houston [1st Dist.] 2003, pet. dism’d); Tex. R. Evid. 403. Relevant evidence
may be excluded if its potentially prejudicial effect outweighs its probative value. 
Tex. R. Evid. 403. Generally, although a trial court must still perform a balancing
test to see if the same transaction contextual evidence’s probative value is
substantially outweighed by its prejudicial effect, the prejudicial nature of contextual
evidence rarely renders such evidence inadmissible, as long as it sets the stage for the
jury’s comprehension of the whole criminal transaction. Swarb v. State, 125 S.W.3d
at 681; Smith v. State, 949 S.W.2d 333, 337 (Tex. App.—Tyler 1996, pet. ref’d). The
reviewing court, using an abuse of discretion standard, should “do more than decide
whether the trial judge did in fact conduct the required balancing between probative
and prejudicial values; the trial court’s determination must be reasonable in view of
all relevant facts.” Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)
(citations omitted). A Rule 403 balancing test includes, but is not limited to, the
following factors:(1) how compellingly evidence of the extraneous offense 
serves to make a fact of consequence more or less probable;
(2) the extraneous offense’s potential to impress the jury 
in some irrational but indelible way;          (3) the trial time that the proponent will require to develop 
          evidence of the extraneous misconduct;
          (4) the proponent’s need for the extraneous transaction 
          evidence. 
 
Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).
            We conclude that the trial court did not abuse its discretion by finding that the
prejudicial effect of the extraneous evidence did not substantially outweigh its
probative value. The trial court performed the requisite balancing during the pretrial
hearing when it stated, “[I]n this instance the probative value, I find, far outweighs
the prejudicial effect except for that one statement about, ‘He’s coming off of crack
cocaine.’” At trial, the court reevaluated its initial determination regarding the crack
cocaine usage when it explained “as the trial has developed, it appears to me that his
mental condition and whether he was intoxicated or not has become a more
significant factor in his state of mind and his intent . . . it has become far more
probative” and decided to admit the evidence on appellant’s crack cocaine usage. 
Having reviewed the record, we find the trial court acted reasonably when it
permitted the statements regarding Crackville and crack cocaine usage to be admitted
into evidence. Consequently, the trial court did not abuse its discretion in admitting
this contextual evidence. We overrule appellant’s point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
Sherry Radack
                                                   Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).