Affirmed and Memorandum Opinion filed February 19, 2009








Affirmed
and Memorandum Opinion filed February 19, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00803-CR

_______________

 

TERRY JOE SOLLEY, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1125854 

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

A jury
convicted appellant, Terry Joe Solley, of aggravated robbery with a deadly
weapon and sentenced him to thirty-five years= confinement.  On appeal, he claims
the trial court improperly excluded factual and expert testimony supporting his
affirmative defense of duress.  Because we conclude the trial court did not
abuse its discretion in excluding the testimony, we affirm.

 

 








Background

On March
25, 2006, appellant and his father, Vachel Solley, robbed a bank.  They were
apprehended by police when they attempted to flee the scene in separate
vehicles.  Appellant evaded police on foot when they stopped the car he was
driving, forcing them to chase him through a neighborhood before arresting
him.  Appellant was ultimately indicted for aggravated robbery.  He pleaded not
guilty, contending he was acting under duress from his father when he committed
the robbery.  Appellant was thirty years old at the time.

At
trial, appellant testified on direct examination that his father had a history
of violence, armed robbery, and had served time in prison.  On the day in
question, he believed his father was desperate and would likely get himself or
someone else killed if he proceeded with the crime alone.  According to his
testimony, appellant agreed to commit the robbery with his father Aso no one would get hurt.@  On cross-examination, appellant
admitted that his father had not physically threatened him to force his
cooperation.  He also admitted to three prior convictions for armed robbery.

On
redirect, appellant testified further to a difficult childhood and a
dysfunctional family.  Among other things, he witnessed his father physically
abuse his mother and engage in other sporadic violent acts.  He testified that
his father was emotionally abusive toward him, although never physically
abusive.  When he was asked to elaborate further about the relationship, the
prosecutor objected to the relevance of the testimony.  Outside of the presence
of the jury, appellant claimed that his father had gotten him drunk as a child,
encouraged him to fight other children in the neighborhood, and forced him to
assist in the commission of several robberies.  He generally claimed that his
father had manipulated him since childhood. 








The
trial court excluded appellant=s proffered testimony and also refused appellant=s later request to introduce expert
testimony on the nature of his relationship with his father.  At the conclusion
of the trial, the jury found appellant guilty of aggravated robbery with a
deadly weapon and sentenced him to thirty-five years= confinement.  In two issues
presented on appeal, appellant argues the trial court improperly excluded his
testimony and the potential expert testimony, both of which he contends were
relevant to his duress defense. 

Analysis 

  Standard of Review

We review a trial court=s decision to
exclude evidence under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  A trial court
abuses its discretion if its decision lies outside the zone of reasonable
disagreement.  Manning v. State, 114 S.W.3d 922, 926 (Tex. Crim.
App. 2003).  In determining whether the trial court abused its discretion, we
review the ruling in light of the evidence that was before the court at the time of its
ruling.  Hoyos v. State, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998). 

  Relevancy of
Appellant=s Testimony of Duress 








In his
first issue, appellant argues that his excluded testimony was relevant to show
that, consistent with his affirmative defense of duress, he was compelled to
commit the robbery.  Duress requires proof by the defendant that he committed
an offense Abecause he was compelled to do so by threat of imminent death or serious
bodily injury to himself or another.@  Tex. Penal Code Ann. ' 8.05(a) (Vernon 2003).  In analyzing
the applicability of a duress defense, we focus on the conduct of the person
allegedly making the threats.  See Montgomery v. State, 588 S.W.2d 950,
953 (Tex. Crim. App. 1979).  To establish compulsion, a defendant must prove
that Athe force or threat of force would
render a person of reasonable firmness incapable of resisting the pressure.@  Tex. Penal Code Ann. ' 8.05(c) (Vernon 2003); Guia v.
State, 220 S.W.3d 197, 205 (Tex. App.CDallas 2007, pet. ref=d).  To be relevant to a defense of
duress, evidence of a threat of imminent death or serious bodily harm must be a
present threat.  Smith v. State, 949 S.W.2d 333, 336 (Tex. App.CTyler 1996, pet. ref=d); Kessler v. State, 850
S.W.2d 217, 222 (Tex. App.CFort Worth 1993, no pet.).

Virtually
all of appellant=s excluded testimony referred to alleged instances of his
father=s manipulative conduct during appellant=s childhood many years earlier, a
time period far too remote for these events to qualify as an Aimminent@ threat.  See McDowell v. State,
235 S.W.3d 294, 297 (Tex. App.CTexarkana 2007, no pet.) (AA threat made six months before the
threatened event is not an imminent threat.@); Anguish v. State, 991
S.W.2d 883, 886B87 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (holding threat made four days
prior to robbery was not imminent); Smith, 949 S.W.2d at 336 (concluding
that threat made four months earlier was not imminent).  Because the excluded
factual testimony did not relate to an imminent threat, the trial judge
did not abuse her discretion by deciding the proffered evidence was irrelevant
to appellant=s duress defense.  See Anguish, 991 S.W.2d at 887; Smith,
949 S.W.2d at 336B37. 

The remaining
evidence at issue dealt with his father=s previously referenced general
history of erratic and dysfunctional episodes.  None of the evidence, however,
did more than imply that appellant had a general and ongoing apprehension about
his father.  Such a general fear about another individual does not constitute
the degree of compulsion necessary for a duress finding.  See Cameron v.
State, 925 S.W.2d 246, 250 (Tex. App.CEl Paso 1995, no pet.); Bernal v.
State, 647 S.W.2d 699, 706 (Tex. App.CSan Antonio 1982, no pet.).  In
addition, the excluded testimony was essentially cumulative of evidence
otherwise before the jury.  Accordingly, the trial court did not abuse its
discretion in excluding the additional similar testimony.  See Tex. R.
Evid. 403; Kessler, 850 S.W.2d at 222. 








Appellant
relies heavily on United States v. Willis to support his assertion that
the proffered evidence should have been admitted as relevant to his duress
defense.  38 F.3d 170 (5th Cir. 1994).  However, it is legally and factually
distinct from the instant case. In Willis, the defendant was convicted
of carrying a firearm during the commission of a drug trafficking crime.  Id.
at 173.  On appeal, she challenged the trial court=s exclusion of expert testimony
suggesting she suffered from battered woman syndrome.  Id. at 174B75.  The Fifth Circuit, however, held
the expert testimony was too subjective and otherwise not relevant to the
objective inquiry of whether a crime was committed under duress.  Id. at
177.  

Appellant
claims Willis supports his contention that his factual testimony should
have been admitted because, although the Willis court did not allow the
expert testimony, it permitted substantial latitude in introducing factual
testimony to support duress.  Id. at 174.  His reliance is misplaced. 
The admissibility of that testimony was neither challenged nor raised as an
issue on appeal.  See id. at 174.  Because the Willis court did
not address the admissibility of the accused=s testimony, Willis is not
instructive here.  

For the
reasons set forth above, we hold that the trial court did not abuse its
discretion when it refused to admit these portions of appellant=s testimony.  We overrule appellant=s first issue.

   Exclusion of Expert
Testimony 

We need not address appellants= argument
regarding exclusion of his expert=s testimony
because we find that error was not properly preserved for our review.  To
preserve a complaint that the trial court erroneously excluded evidence, the
complaining party must bring forward a record indicating the nature of the
evidence so that we might decide its admissibility and impact, if any, on the
proceedings.  See Tex. R. App. P. 33.1, 33.2; Tex. R. Evid. 103(a)(2).  Thus, unless the substance of the
excluded evidence is apparent from the context of the record, the offering
party must present a timely offer of proof or formal bill of exception.  Tex.
R. Evid. 103(a); Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App.
1999).  Because the record must be developed before the charge is read to the
jury, an offer of proof or bill of exception is untimely if not presented
before then.  See Tex. R. Evid. 103(b);
Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).  








In this
case, outside of the jury=s presence, appellant=s counsel briefly indicated that he
intended to call a social worker as an expert who would testify on the general
topics of family dynamics, family history, and appellant=s relationship with his father.  An
offer of proof may come in the form of a concise statement by counsel, but it
must include a reasonably specific summary of the evidence offered.  Warner,
969 S.W.2d at 2.  If brought in that form, counsel=s statement must also explain the
relevance of the evidence unless the relevance is apparent.  See id.  We
hold that counsel=s identification of the mere topics of the expert=s likely testimony does not qualify
as a Areasonably specific summary@ of the evidence.  See Harty v.
State, 229 S.W.3d 849, 855 (Tex. App.CTexarkana 2007, pet. ref=d).

Appellant
later offered to call his expert to the stand to prepare a formal bill of
exception.  However, he then formally withdrew his request.  In the absence of
a bill of exception or offer of proof, the record in this case does not
indicate what the excluded testimony would have been at the guilt/innocence
phase.  See Guidry, 9 S.W.3d at 153.

During
the punishment phase, the trial court allowed appellant=s expert to testify about appellant=s relationship with his father. 
Because the evidence was offered after the court=s charge was read to the jury,
however, it cannot qualify as an offer of proof that would otherwise preserve
error during the guilt/innocence phase.  See Tex. R. Evid. 103(b); Warner, 969 S.W.2d at
2.  Therefore, we overrule appellant=s second issue.

Conclusion

Finding no error in the appellate record, we affirm. 

 

 

/s/      Kent C. Sullivan

Justice

 

Panel consists of Justices Yates, Guzman,
and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).