

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00029-CR

MICHELLE AARON                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM CONCURRING OPINION[1]

------------

As the majority correctly concludes, the evidence is sufficient to demonstrate that Appellant intentionally or knowingly caused serious bodily injury, and evidence of a culpable mental state regarding use of a deadly weapon is not required. *See Bailey v. State*, 38 S.W.3d 157, 159 (Tex. Crim. App. 2001). However, I believe Appellant's second point is directed not to whether the State proved Appellant intentionally or knowingly used a deadly weapon but instead to

---

[1]Tex. R. App. P. 47.4.

the issue of whether the evidence was sufficient to prove the lighter fluid was a deadly weapon under section 1.07(a)(17)(B). *See* Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2012). Therefore, I separately concur to address the sufficiency of the evidence to show that the "flammable fluid," as alleged in the indictment, was "capable of causing death or serious bodily injury." *Id.*

Appellant's own testimony at trial showed she "sprayed" lighter fluid on Miguel while he was lying on the bed "to get him to shut up." Appellant claimed she then left the bedroom. After Miguel began "hollering" for a cigarette, Appellant took a lit cigarette, walked back to the bedroom, and "thumped" the cigarette at Appellant.[2] Miguel suffered third-degree burns on his back and required skin grafts. There was testimony that the lighter fluid Appellant used is a flammable liquid.

This evidence is sufficient to support a finding that the flammable liquid, in the manner of its use, was capable of causing death or serious bodily injury. Whether any weapon is deadly is a question for the fact-finder. *See Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). The most important factor in determining whether a weapon is deadly is the manner in which the weapon was used. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. [Panel Op.] 1980). Anything that actually is used to cause serious bodily injury is a deadly weapon because a thing that actually causes serious bodily injury is, necessarily,

---

[2]Miguel testified he was asleep during the entire episode and woke up when he was on fire.

2

capable of causing serious bodily injury. *Magee v. State*, 994 S.W.2d 878, 890 (Tex. App.—Waco 1999, pet. ref'd) (quoting *Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995)). In short, the lighter fluid, as used by Appellant as revealed by the evidence at trial, was capable of causing serious bodily injury and, thus, was a deadly weapon under section 1.07(a)(17)(B). *See Ellis v. State*, No. 02-02-00416-CR, 2004 WL 177851, at *3 (Tex. App.—Fort Worth Jan. 29, 2004, pet. ref'd) (mem. op., not designated for publication) (in prosecution for aggravated assault with a deadly weapon, holding evidence defendant doused wife in gasoline and threated to ignite it sufficient to show gasoline was deadly weapon capable of causing serious bodily injury or death); *see also McDowell v. State*, 235 S.W.3d 294, 297 (Tex. App.—Texarkana 2007, no pet.) (holding evidence sufficient to show gasoline used as a deadly weapon in arson prosecution); *Magee*, 994 S.W.2d at 890 (in murder prosecution, holding evidence sufficient to support deadly-weapon finding for alleged "gasoline" after defendant doused wife in gasoline and lit her on fire); *Rice v. State*, 771 S.W.2d 599, 600–01 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (in murder prosecution, holding evidence sufficient to show gasoline was deadly weapon after defendant poured gasoline on victim and ignited victim with cigarette lighter); *cf. Kingsbury v. State*, 14 S.W.3d 405, 409 (Tex. App.—Waco 2000, no pet.) (holding, in dicta, that evidence of use of flammable liquid in deadly-conduct prosecution was sufficient to prove use of a deadly weapon).

Therefore, I would overrule Appellant's second point on the basis that the evidence is sufficient to support a finding that the alleged flammable liquid was a deadly weapon in the manner of its use. Because I also would affirm the trial court's judgment, I concur.


LEE GABRIEL
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 22, 2013

4