

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00298-CR

**CLIFTON DEAN MONTGOMERY, JR.,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 12-01245-CRF-272

## MEMORANDUM OPINION

In the early morning of December 14, 2011, just after midnight, two men got out of a dark-colored Impala and approached the front door of the home of eighteen-year old Raymond Cavazos, a drug dealer, in Bryan. When Cavazos heard a knock on the door, he looked out the window, got his handgun, and opened the door. A brief scuffle and an exchange of several gunshots ensued. Cavazos was shot in the head and killed. The two men entered the home, went to a bedroom closet, and took a black box that contained Cavazos's drugs and cash in the amount of $3,000 to $4,000. They also took his gun.

Cavazos's girlfriend, who lived there with Cavazos and her three children, partially witnessed the events, and neighbors who were outside at the time also partially witnessed the events. Based on a description of the vehicle and a Crimestoppers tip, police were quickly led to Appellant Clifton Dean Montgomery, Jr., whom they arrested on December 16. In a recorded interrogation, Montgomery eventually confessed that he was one of the two men who went to Cavazos's home to rob him but that it was Eugene "Geno" Jenkins who shot Cavazos. Montgomery said that Cavazos fired the first shot. Bryan Police Detective Steven Fry, who investigated the murder, testified that he believed that Cavazos fired the first shot; he also opined that Montgomery and Jenkins went to Cavazos's home armed so that they could rob him.

A jury found Montgomery guilty of capital murder, and because the State did not seek the death penalty, he was assessed an automatic life sentence without parole. Montgomery appeals, asserting in two issues that the trial court abused its discretion in admitting extraneous-offense evidence in violation of Rules of Evidence 404(b) and 403, respectively. We will affirm.

During the police interrogation, Montgomery repeatedly professed that he was only a crack dealer. The video of the interrogation was going to be shown to the jury, and Montgomery's counsel objected on Rule 404(b) and 403 grounds. The trial court overruled the objections and gave the jury a limiting instruction that the extraneous-offense evidence could be considered only on the issues of motive and intent. The charge likewise included such an instruction.

"Whether extraneous offense evidence has relevance apart from

character conformity, as required by Rule 404(b), is a question for the trial court." *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009) (quoting *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). We review a trial court's ruling on the admissibility of extraneous offenses under an abuse-of-discretion standard. *Id.* As long as the trial court's ruling is within the "zone of reasonable disagreement," it will be upheld. *Id.*

Under Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). However, it may be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *De La Paz*, 279 S.W.3d at 342-43. The rule excludes only that evidence that is offered solely for the purpose of proving bad character and conduct in conformity with that character. *Id.* at 343. In addition, evidence admissible under rule 404(b) may nonetheless be excluded if the trial judge determines that its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Mozon v. State*, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999).

An exception to rule 404(b) exists in that extraneous offenses may be admissible as same-transaction contextual evidence when "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction." *Prible v. State*, 175 S.W.3d 724, 731-32 (Tex. Crim. App. 2005) (quoting *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)). This type of evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case difficult to understand or incomplete. *Id.* at 732. Same-transaction contextual evidence is "admissible to show the context in which the criminal act occurred." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence." *Id.*

There are two types of contextual evidence: (1) evidence of other offenses connected with the primary offense, referred to as same transaction contextual evidence; and (2) general background evidence, referred to as background contextual evidence. *Mayes v. State*, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). Same transaction contextual evidence is admissible as an exception under Rule 404(b) where such evidence is necessary to the jury's understanding of the charged offense. *See Wyatt*, 23 S.W.3d at 25; *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). Extraneous conduct is

considered to be same transaction contextual evidence when the charged offense would make little or no sense without also bringing in the same transaction evidence. *Rogers,* 853 S.W.2d at 33. Such evidence provides the jury information essential to understanding the context and circumstances of events that are blended or interwoven. *Camacho v. State,* 864 S.W.2d 524, 532 (Tex. Crim. App. 1993).

The purpose of admitting same transaction contextual evidence is not to show that the extraneous charged offenses are part of a common scheme or that the charged offense was committed in an identical signature manner. *Jones v. State,* 962 S.W.2d 158, 166 (Tex. App.—Fort Worth 1998, no pet.). Nor is the purpose to show that appellant committed the charged offense merely because he also committed the extraneous offense. *Id.* Rather, the purpose of admitting extraneous evidence as same transaction contextual evidence is to put the instant offense in context. *Id.; Mayes,* 816 S.W.2d at 86-87; *Camacho,* 864 S.W.2d at 532.

*Swarb v. State,* 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd).

*Davis v. State,* No. 10-07-00206-CR, 2011 WL 322877, at *9 (Tex. App.—Waco Feb. 2, 2011, pet. ref'd) (not designated for publication).

The indictment charged Montgomery with capital murder in that he caused Cavazos's death by shooting him with a firearm in the course of committing or attempting to commit robbery. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2014). On appeal, the State asserts that the motive for the crime and Montgomery's intent was to rob Cavazos of drugs and money.

The evidence showed that Cavazos was a drug dealer, and Detective Fry testified that drug dealers often carry weapons because they are at a risk of being robbed of their drugs or money and, upon being robbed, cannot report it to the police because of their involvement in the illegal activity. Fry added that people involved in drugs tend to have weapons. Thus, the State concludes, the trial court did not abuse its discretion in

admitting evidence that Montgomery was also a drug dealer; that evidence shows Montgomery's motive and intent, and it also put the offense in context as same-transaction contextual evidence and background contextual evidence. *See, e.g., Medellin v. State,* 960 S.W.2d 904, 908-09 (Tex. App.—Amarillo 1997, no pet.); *see also Davis,* 2011 WL 322877, at *9-10; *Prewitt v. State,* 133 S.W.3d 860, 865 (Tex. App.—Amarillo 2004, pet. ref'd); *Swarb,* 125 S.W.3d at 682. We agree with the State. Because we cannot say that the trial court abused its discretion in admitting evidence that Montgomery was a drug dealer as evidence of motive or intent, and because the evidence was same-transaction contextual evidence and background contextual evidence, we overrule issue one.

Montgomery's second issue alleges that the evidence that he was a drug dealer should have been excluded because its prejudicial effect outweighed its probative value. *See* TEX. R. EVID. 403.

> In its seminal decision in *Montgomery v. State*, the Court of Criminal Appeals identified four non-exclusive factors to be considered in determining whether evidence should be excluded under Rule 403. Those factors were: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and, (4) the proponent's need for the evidence.
>
> More recently, the Court has looked to the language of Rule 403 and restated the pertinent factors.
>
>> [A] trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat

> evidence already admitted. Of course, these factors may well blend together in practice.
>
> *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006) (footnotes omitted).

*Newton v. State*, 301 S.W.3d 315, 319 (Tex. App.—Waco 2009, pet. ref'd) (footnote and citations omitted).

Rule 403 "envisions exclusion of evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Id.* at 322-23 (quoting *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009)). "Generally, although a trial court must still perform a balancing test to see if the same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction." *Swarb*, 125 S.W.3d at 681-82 (citing *Houston v. State*, 832 S.W.2d 180, 183-84 (Tex. App.—Waco 1992, pet. dism'd); and *Smith v. State*, 949 S.W.2d 333, 337 (Tex. App.—Tyler 1996, pet. ref'd)).

Again, we agree with the State that Montgomery's admission to the police that he was a drug dealer set the stage for the jury's understanding of the entire criminal transaction with Cavazos. *See id.; see also Davis*, 2011 WL 322877, at *10-11. The jury heard evidence that Cavazos was a drug dealer and was armed and that drug dealers commonly carry weapons. We thus cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the evidence that Montgomery was also a drug dealer and its probative value. Thus, the trial court did not abuse its discretion by

overruling Montgomery's rule 403 objection.  We overrule issue two.

Having overruled both issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 2, 2015
Do not publish
[CRPM]

