In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00145-CR


______________________________




ANTELMO VARGAS LOPEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Criminal District Court #3


Dallas County, Texas


Trial Court No. F-0556819-J




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Antelmo Vargas Lopez appeals from his conviction by a jury of the offense of aggravated
sexual assault of a child. See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008). The jury
assessed punishment at ten years' imprisonment. (1) Lopez was represented by different, appointed,
counsel at trial and on appeal. Lopez's attorney has filed a brief in which she concludes that the
appeal is frivolous and without merit, after a review of the record and the related law.

 Counsel states that she has studied the record and finds no error preserved for appeal that
could be successfully argued. The brief contains a professional evaluation of the record and
advances one arguable ground for review. This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Lopez on September 9, 2008, informing Lopez of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. No pro se response,
nor extension of time in which to file such a response, has been filed. 

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the judgment of the trial court. (2)




 Bailey C. Moseley

 Justice


Date Submitted: November 17, 2008

Date Decided: November 18, 2008


Do Not Publish
1. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Lopez in this case. No substitute
counsel will be appointed. Should Lopez wish to seek further review of this case by the Texas Court
of Criminal Appeals, Lopez must either retain an attorney to file a petition for discretionary review
or Lopez must file a pro se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.



W.3d 774, 786 (Tex.
Crim. App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on
reh'g). 

 The Texas Code of Criminal Procedure establishes two standards for jury charge
error, one that applies when an appellant timely objected to the omission or properly
requested the instruction and one that applies when an appellant made no objection or
request. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981). If an accused did
preserve error by making a proper and timely objection to the exclusion, or by properly
requesting an instruction, then any error will be reversible unless the reviewing court
determines the error was harmless beyond a reasonable doubt. Jimenez v. State, 32
S.W.3d 233, 237 (Tex. Crim. App. 2000). In other words, when error is preserved, an
appellant need only show that some harm resulted from the error. Ovalle, 13 S.W.3d at
786; Almanza, 686 S.W.2d at 171.

 If, however, an appellant fails to make a proper objection to the omission, such
appellant invokes the fundamental error doctrine, and error will be reversible error only if
it causes "egregious harm." Jimenez, 32 S.W.3d at 238; Almanza, 686 S.W.2d at 171. 
To show egregious harm, the record must indicate the accused has not been afforded a
fair and impartial trial. Tex. Code Crim. Proc. Ann. art. 36.19. "Egregious harm" includes
errors impacting the foundation of the case, denying the accused a valuable right,
significantly affecting a defensive theory, or making the state's case for guilt clearly and
substantially more compelling. Hutch v. State, 922 S.W.2d 166 (Tex. Crim. App. 1996). 

 In assessing the degree of harm for these purposes, the reviewing court will
consider the entire jury charge, the state of the evidence, including the contested issues
and weight of the probative evidence, the argument of counsel, and any other relevant
information in the record. Almanza, 686 S.W.2d at 171. In its examination of the jury
charge in its entirety, the court should examine the workable relationship between the
abstract part of the charge and the application paragraphs. Escobar, 28 S.W.3d at 778. 
To rise to the level of egregious harm, the error must have led to actual harm to the
appellant or deprived him or her of a fair and impartial trial. See Rowden v. State, 696
S.W.2d 490, 491 (Tex. App.-El Paso 1985, no pet.). This means the appellant must point
to the specific location in the record where the court would find harm. Sanchez v. State,
722 S.W.2d 781, 785 (Tex. App.-Dallas 1986, pet. ref'd).

 We first determine whether there was error in the jury charge. The question
presented in this appeal is whether the omission of the instruction on duress was proper. 
For the following reasons, we hold the trial court properly denied the instruction on duress.

 Generally, in order to raise the affirmative defense of duress, an accused must first
admit committing the offense. See Willis v. State, 790 S.W.2d 307, 314 (Tex. Crim. App.
1990) (narrowing the overly broad proposition in Sanders v. State, 707 S.W.2d 78, 81 (Tex.
Crim. App. 1986), that an accused must always admit committing all elements of the
offense charged in order to avail himself or herself of the affirmative defense). At trial,
Smith denied having committed the offense of unauthorized use of a motor vehicle and
possession of a firearm as a felon. He presented testimony that he was an informant for
a law enforcement officer named Brad Oliver and very limited testimony concerning his
feelings of fear during the relevant time period. This is evidence from which one might
infer an admission that he did evade arrest. We are not persuaded, however, that such
a weak inference is sufficient to establish the affirmative defense of duress. 

 Smith's attorney admitted during closing argument Smith had evaded arrest. 
However, Smith's request for an instruction on duress came during the charge conference,
which was before the admission made by Smith's counsel in closing argument. At the time
of his request for the instruction, Smith had made no direct admission he evaded arrest. 
Further, Smith's counsel's statements in closing argument were not evidence.

 At the punishment phase of his trial, Smith maintained that he was set up "like a
bowling pin" and that someone had given him the truck and told him to take it from a lake
to an apartment complex. Smith did admit fleeing from Grandfield, which was an
admission of some culpability. This admission was made, however, during the punishment
phase and is not relevant to an instruction sought at the guilt/innocence phase of the trial.

 Even if we were to find that Smith established the procedural basis for asserting the
defense of duress, he cannot establish the substantive elements of the defense of duress.
Duress is an affirmative defense that applies when the accused "engaged in the proscribed
conduct because he was compelled to do so by threat of imminent death or serious bodily
injury to himself or another." Tex. Pen. Code Ann. § 8.05(a) (Vernon 2003). An imminent
threat has two elements of immediacy. Anguish v. State, 991 S.W.2d 883, 886 (Tex.
App.-Houston [1st Dist.] 1999, pet. ref'd). (3) First, the person issuing the threat must intend
and be prepared to carry out the threat immediately. Id. Second, carrying out the threat
must be predicated on that person committing the charged offense. Id.

 As a general rule, an accused is entitled to an instruction on any defensive issue
raised by the evidence, whether this evidence is strong or weak, unimpeached or
contradicted, and regardless of the trial court's opinion on the credibility of this evidence. 
Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991); Hayes v. State, 728 S.W.2d
804, 807 (Tex. Crim. App. 1987). If such testimony or other evidence, when viewed in a
favorable light, fails to raise the defense at issue, an instruction is not required. See Dyson
v. State, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984); Cerda v. State, 557 S.W.2d 954,
957-58 (Tex. Crim. App. 1977).

 In support of his position that the issue of duress should have been presented to the
jury, Smith relies on evidence he was a confidential informant to law enforcement and his
testimony at the punishment hearing that he had been the target of several general threats
made by certain unidentified officers. He further directs us to the testimony of Charles
Parish, a jail inmate, that a jailer named "Officer Brown" gave him (Parish) handcuffs and
suggested he use the handcuffs to do violence to Smith. Parish testified Brown told him
that, should any issue arise regarding the encounter, he (Brown) would help Parish out and
back up a story of self-defense. Smith's sister testified Smith "stayed pretty nervous most
of the time" during the time period when Smith was arrested. 

 Smith's evidence concerning the conspiracy and its effect on his conduct did not
address the issue of an imminent threat of serious bodily injury or death. Even taking
Smith's version of the events as true, the evidence he presented at trial (4) is not sufficient
to raise the issue of duress. The record does not show that the people who made threats
to Smith intended or were prepared to carry out those threats immediately. Nor do we find
where Smith raised the issue that the threatened harm was conditioned on his evasion of
arrest. In order to sustain this argument, we would be required to conclude that the people
who made the threats forced Smith to flee from Grandfield or else they would do harm to
him. There is not sufficient evidence in the record to persuade us that such a bold
conclusion should be made. We conclude the evidence did not raise the issue of duress
and, therefore, the trial court's denial of the instruction was proper. 

 We affirm the judgment.


 Donald R. Ross

 Justice 


Date Submitted: June 19, 2003

Date Decided: July 17, 2003


Do Not Publish

1. [1]Smith successfully moved to try jointly cause numbers 20,991 (unlawful possession of a
firearm by a felon), 20,992 (evading arrest or detention), and 20,993 (unauthorized use of
a motor vehicle). The jury, having found Smith guilty in all three cases and having found
the enhancement paragraphs true, assessed punishment at thirty, ten, and five years,
respectively. The sentences in these three cases run concurrently.
2. [2]Smith refers to the defense of necessity only once in his brief, although at trial, he
submitted a written request for instructions on both duress and necessity. At oral
argument, Smith's counsel confirmed that Smith appeals only the denial of his requested
instruction on duress. 
3. [3]Anguish also provides another relevant aspect. The appellant in Anguish attempted to
extend the definition of "imminent threat" as it relates to Tex. Pen. Code Ann. § 8.05
(Vernon 2003) to include situations where the accused believes no law enforcement
agency will protect him. Anguish v. State, 991 S.W.2d 883, 887 (Tex. App.-Houston
[1st Dist.] 1999, pet. ref'd). The court specifically declined to adopt this definition. Id. 
Smith's contention on appeal somewhat resembles the argument in Anguish, and we agree
with its determination, finding the circumstances here outside the definition of "imminent
threat."
4. [4]Although we need not analyze Smith's testimony at sentencing to determine whether there
was error in the omission of an instruction in the jury charge at the guilt/innocence phase,
we note Smith's testimony offered little support for his position. He testified that "they"
pulled a gun on him and that "several people" told him they wanted him out of the way. 
Additionally, Smith testified that a former bail bond business owner, not the crooked
officers, told him about the threats. When asked to give more specific information
concerning the identity of the individuals who had threatened him, Smith was unable to do
so.